760 P.2d 1089

Joe and Maria PEREZ, husband and wife; Richard and Kathleen Sinclair, husband and wife; Greg and Yvonne Tangen, husband and wife; Mercy Tovar, a single woman; Belinda Kimball, a single woman, Plaintiffs/Appellants,

v.

MARICOPA COUNTY, Arizona, a body politic; Adolph Echeveste, in his official capacity as Assistant County Manager and Director of the Department of Health Services; Tom Freestone, in his official capacity as a Maricopa County Board Supervisor; George Campbell, in his capacity as a Maricopa County Board Supervisor; Fred Korry, in his official capacity as a Maricopa County Board Supervisor; Carole Carpenter, in her official capacity as a Maricopa County Board Supervisor; Ed Pastor, in his official capacity as a Maricopa County Board Supervisor, Defendants/Appellees.

No. 2 CA–CV 88–0019.

Court of Appeals of Arizona,
Division 2, Department B.

Feb. 25, 1988.

Review Denied Sept. 27, 1988.

Community Legal Services by H. Leslie Hall and Anne Ronan, Phoenix, for plaintiffs/appellants.

Tom Collins, Maricopa, Co. Atty. by Gordon J. Goodnow, Jr., Phoenix, for defendants/appellees.

## OPINION

LIVERMORE, Presiding Judge.

This case raises the issue whether Maricopa County is liable for emergency medical care, in addition to hospital costs, for indigents. The court below ruled that it was not, relying on A.R.S. § 11–297.01(B). That subsection reads:

> The county shall be liable for payment of all costs retroactive to the inception of treatment incurred by a private hospital or hospital operated by a university arising from emergency treatment and medical care administered at such hospital for a patient qualified for such care and treatment under the provisions of this article.

It has since been amended to make clear that counties are liable for emergency physician's fees, as well as hospital bills, relating to the treatment of indigents. We conclude that that amendment was a construction and clarification of the prior statute to "be accepted as the legislative declaration of the original act." *City of Mesa v. Killingsworth*, 96 Ariz. 290, 297, 394 P.2d 410, 414 (1964). Accordingly, we reverse.

A.R.S. § 11–291 imposes upon a county, with exceptions not here applicable, "the sole and exclusive authority to provide for the hospitalization and medical care of the indigent sick in the county." This is a mandatory duty. *Hernandez v. County of Yuma*, 91 Ariz. 35, 369 P.2d 271 (1962). Given that overarching responsibility, and the clear legislative purpose to provide indigents both with hospital and medical care, we believe that § 11–297.01(B) should be construed to require payment both of hospital and doctor bills arising from emergency treatment.

The county seeks to avoid this construction by pointing to the language in § 11–297.01(B) obligating it to pay only costs incurred by the hospital. This, it argues, means that only hospital bills need be paid and not the bills of independent doctors who provided emergency medical care at the hospital. This contention merits the response given in *State Farm Automobile Ins. Co. v. Dressler*, 153 Ariz. 527, 531, 738 P.2d 1134, 1138 (App.1987):

> While such an interpretation is theoretically possible, we are bound to construe statutes "liberally" "to effect their objects and to promote justice." A.R.S. § 1–211(B). Statutes are not to be interpreted woodenly and without regard for their aim. *State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 667 P.2d 1304 (1983). If a literal interpretation of statutory language leads to an absurd result, the court has a duty to construe it, if possible, so that it is reasonable and workable. *In re Marriage of Gray*, 144 Ariz. 89, 695 P.2d 1127 (1985); *Hurst v. Bisbee Unified School District No. 2*, 125 Ariz. 72, 607 P.2d 391 (App.1979); *Anderson v. Southwest Savings and Loan Association*, 117 Ariz. 246, 571 P.2d 1042 (App. 1977). A practical construction of a statute is preferred to one which is absurd, and practical construction is required if a technical construction would lead to mischief or absurdity. *State v. LeMatty*, 121 Ariz. 333, 590 P.2d 449 (1979). In intepreting statutes it is the spirit of the law that prevails. *Navajo Tribe v. Arizona Department of Administration*, 111 Ariz. 279, 528 P.2d 623 (1974).

To construe the statute to remove any obligation to pay for emergency medical care apart from hospital costs would conflict with the duty imposed by § 11–291. It would conflict as well with the intent within § 11–297.01(B) to cover emergency treatment and medical care, and would create a wholly unjustified distinction between emergency care by hospital employees and that by independent contractors on call within the hospital.

The county, however, argues that because the statute is not ambiguous, we

are required to apply it as written. But, "[a]n ambiguity in a statute is 'not simply that arising from the meaning of particular words, but includes such as may arise in respect to the general scope and meaning of a statute when all its provisions are examined.'" *State v. Sweet,* 143 Ariz. 266, 269, 693 P.2d 921, 924 (1985). In such circumstances, as *Sweet* makes clear, the legislative intent may be inferred both from the overall purpose of the statutory scheme and any subsequent legislative enactments. There being an overall legislative purpose to provide medical care, there being no reason to distinguish between care provided by hospital employees and that provided by independent physicians, and the legislature having acted to clarify the ambiguity when brought to its attention, we conclude that § 11–297.01(B) obligates the county to pay the costs of emergency medical care provided at a hospital by independent health providers.

The order of dismissal is reversed, including those claims arising under the United States Constitution and 42 U.S.C. § 1983 which were not the subject of the motion to dismiss below and thus were improperly dismissed.

ROLL and FERNANDEZ, JJ., concur.