956 P.2d 529

**Cicero N. GODDARD, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Alan S. Kamin, a judge thereof, Respondent Judge,**

**Richard M. ROMLEY, County Attorney, Real Party in Interest.**

**No. 1 CA–SA 97–0378.**

Court of Appeals of Arizona, Division 1, Department C.

Feb. 10, 1998.

Review Denied May 19, 1998.

---

Dean W. Trebesch, Maricopa County Public Defender by Hilary G. Berko, Deputy Public Defender, Phoenix, for Petitioner.

Richard M. Romley, Maricopa County Attorney by Patricia A. Nigro, Deputy County Attorney, Phoenix, for Real Party in Interest.

FIDEL, Presiding Judge.

¶ 1 Does Proposition 200 mandate probation for a person convicted of possession of a narcotic drug when the person has been convicted of two prior offenses of possession of narcotic drugs for sale? That question is presented in this special action. We accept jurisdiction because the question is one of first impression, of statewide importance, and likely to recur. *See Snow v. Superior Court*, 183 Ariz. 320, 322, 903 P.2d 628, 630 (App.1995). We hold that probation is not required.

¶ 2 On November 19, 1997, Petitioner Cicero Goddard pled guilty to possession of narcotic drugs, a class 4 felony. After con-

sidering the parties' memoranda concerning the application of Proposition 200, the trial court ruled that Petitioner's two prior convictions for possession of narcotic drugs for sale removed him from the auspices of Proposition 200. The trial court deferred sentencing, however, to permit the filing of this special action.

## I. WHICH VERSION OF A.R.S. § 13–901.01 APPLIES?

¶ 3 By enacting Proposition 200, § 10, the Arizona electorate adopted one version of Arizona Revised Statutes ("A.R.S.") § 13–901.01. *See* Proposition 200, § 10. The legislature then amended that statute in a manner that, if applicable, would plainly answer the question presented in this case. *See* S.B. 1373, ch. 104, § 2, 1997 Ariz. Sess. Laws 944, 945–46 (amending A.R.S. § 13–901.01). Senate Bill 1373 makes ineligible for probation any person convicted of personal possession who "has two or more historical prior felony convictions ... not involving possession of marijuana, a dangerous drug or a narcotic drug." A.R.S. § 13–901.01(A)(1) (Supp. 1997).

¶ 4 The amendment undertaken in Senate Bill 1373 is presently inapplicable, however, because it is suspended pending a vote at the next general election on Referendum 3–R–97, which seeks to repeal Senate Bill 1373. We must therefore resolve this matter by reference to a version of A.R.S. § 13–901.01(A)(1) that is less definitive on this issue—the version embodied in Proposition 200.[1]

## II. THE IMPACT OF PRIOR CONVICTIONS FOR SALE

¶ 5 Petitioner bases his argument for mandatory probation on two sections of Proposition 200. The first, A.R.S. § 13–901.01(C), provides generally:

Personal possession or use of a controlled substance pursuant to this section shall not include possession for sale, production,

1. For purposes of this opinion, we will cite to the text of Proposition 200 as amended by H.B. 2475, ch. 6, 1997 Ariz. Sess. Laws 430; and S.B.

1190, ch. 246, 1997 Ariz. Sess. Laws 2751. These amendments were not suspended by Referendum 3–R–97.

manufacturing, or transportation for sale of any controlled substance.

*See* Proposition 200, § 10 (adding A.R.S. § 13–901.01(C)), *amended by* S.B. 1190, ch. 246, § 1, 1997 Ariz. Sess. Laws 2751, 2752.

¶ 6 The second, A.R.S. § 13–901.01(G), provides in pertinent part:

> A person who has been convicted three times of personal possession or use of a controlled substance as defined in section 36–2501 is not eligible for probation under the provisions of this section but instead shall be sentenced pursuant to the other provisions of chapter 34 of this title.[2]

¶ 7 We understand Petitioner's argument for mandatory probation to be as follows: (1) Because subsection G is the only part of Proposition 200 that identifies prior offenses that disqualify a present offender from otherwise mandatory probation, (2) because the only prior convictions identified as disqualifying in subsection G are two or more prior convictions for possession or use, and (3) because possession for sale is not possession or use, it necessarily follows that two prior convictions for possession for sale do not disqualify a present possessor for use from mandatory probation.

¶ 8 We disagree. Although the statutory language, read in isolation, is susceptible to that construction, we decline to interpret the statute in a manner so contrary to common sense. *See State v. Womack*, 174 Ariz. 108, 112, 847 P.2d 609, 613 (App.1992) (interpreting a statute through a "common sense application of the ordinary meaning of the statuto-ry language"). Instead, we interpret the statute by reference to its stated purpose and by reference to the system of related statutes of which it forms a part. *See State ex rel. Larson v. Farley*, 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970) (legislative intent "must be ascertained not alone from the literal meaning of the wording of the statutes but also from the view of the whole system of related statutes"); *In re Appeal in Maricopa County Juvenile Action No. JD–6236*, 178 Ariz. 449, 452 n. 2, 874 P.2d 1006, 1009 n. 2 (App.1994) ("Statutes relating to the same subject ... should be construed harmoniously 'as though they constituted one law.' ").

¶ 9 Among the stated purposes of Proposition 200, those of evident relevance to our decision are found in subsections 3(C) and 3(D).[3] These subsections reveal that the drafters and voters undertook to prescribe alternatives to prison—including treatment, education, and community service—for persons convicted of personal possession or use of drugs. While attempting to enlarge the probationary opportunities of drug offenders, however, the electorate distinguished possession or use of a controlled substance from participation in the chain of manufacturing and commercial distribution of a controlled substance. *See* Proposition 200, § 10 (adding A.R.S. § 13–901.01(C), providing for the purpose of probation that personal possession or use of a controlled substance shall not include possession for sale, production, manufacturing, or transportation for sale).[4] In short, the drafters and voters distinguished possession for use from possession for sale.

---

**2.** A.R.S. § 13–901.01(G) was renumbered and amended by S.B. 1373, ch. 104, § 2, 1997 Ariz. Sess. Laws 944, 946. However, as discussed above, this amendment has been suspended pending a vote on Referendum 3–R–97. The minor amendments to subsection G enacted by S.B. 1190, ch. 246, § 1, 1997 Ariz. Sess. Laws 2751, 2753, were not suspended by Referendum 3–R–97 and are incorporated herein.

**3.** In subsections 3(C) and 3(D), the applicable purposes of Proposition 200 are declared as follows:

> (C) To require that non-violent persons convicted of personal possession or use of drugs successfully undergo court-supervised mandatory drug treatment programs and probation.

> (D) To require that non-violent persons currently in prison for personal possession or use of illegal drugs, and not serving a concurrent sentence for another crime, or previously convicted or sentenced or subject to sentencing under any habitual criminal statute in any jurisdiction in the United States, be made eligible for immediate parole and drug treatment, education and community service.

**4.** In a comparable provision, Proposition 200, § 8 added A.R.S. § 41–1604.15(C), providing for the purpose of parole that personal possession or use shall not include possession for sale, production, manufacturing, or transportation for sale. This section was deleted, however, by H.B. 2475, ch. 6, § 4, 1997 Ariz. Sess. Laws 430, 432, which was not suspended by Referendum 3–R–97.

¶ 10 This distinction was not unusual. It is common in the Arizona Revised Statutes to treat commercial trafficking in controlled substances more severely than possession for use. *Compare* A.R.S. § 13–3405(B)(1)–(3) (Supp.1997) (providing that possession or use of varying amounts of marijuana shall be treated as class 4, 5, or 6 felonies), A.R.S. § 13–3407(B)(1) (providing that possession or use of a dangerous drug shall be treated, with some exceptions, as a class 4 felony), *and* A.R.S. § 13–3408(B)(1) (providing that possession or use of a narcotic drug shall be treated as a class 4 felony), *with* A.R.S. § 13–3405(B)(4)–(6) (providing that possession for sale of varying amounts of marijuana shall be treated as class 2, 3, or 4 felonies), A.R.S. § 13–3407(B)(2) (providing that possession of a dangerous drug for sale shall be treated as a class 2 felony), *and* A.R.S. § 13–3408(B)(2) (providing that possession of a narcotic drug for sale shall be treated as a class 2 felony). An evident purpose of Proposition 200 was to preserve such a distinction and to make it plain that those who commercially traffic in controlled substances are not entitled to the benefits accorded those who possess for use.

¶ 11 Against this backdrop, we consider the meaning of A.R.S. § 13–901.01(G), quoted above. The statutory purpose, we believe, is clear: to disqualify repetitive offenders—those convicted of a third offense of personal possession or use—from entitlement to mandatory probation and treatment in lieu of imprisonment.

¶ 12 The question remains how one's entitlement to probation is impacted under A.R.S. § 13–901.01 if one has past convictions for possession for sale or other forms of commercial trafficking in controlled substances. Subsection G does not specify an answer. Because possession for sale is defined as something other than possession or use elsewhere within the statute, it must consistently be defined as something other than possession or use for the purpose of subsection G. *See State v. Oehlerking,* 147 Ariz. 266, 268, 709 P.2d 900, 902 (App.1985) ("Where the same words or phrases appear in the same statute, they should be given a consistent meaning unless there is a clearly

expressed legislative intent to the contrary."). This does not mean, however, as Petitioner contends, that one who has committed two or more past offenses of possession for sale is entitled to mandatory probation. To infer such a consequence from subsection G would clash with the treatment of possession for sale elsewhere in Proposition 200 as a more severe offense than possession or use, one that disqualifies an offender from the special privileges of that enactment.

¶ 13 We note that the silence in subsection G extends not only to the impact of prior convictions for possession for sale upon one's entitlement to mandatory probation, but also to the impact of prior convictions for a multitude of other crimes, including homicide, armed robbery, and sexual assault. We decline to interpret this silence as mandating judicial indifference to such offenses at the time of sentencing. Nor do we believe that the drafters or voters intended to require mandatory probation for virtually all prior felons who commit a current possession or use offense—no matter the number or nature or severity of their prior felonies—excepting only those who have committed two prior crimes of personal possession or use. Rather, we conclude that the statute simply does not address the impact of prior convictions for other offenses, including possession for sale, upon one's entitlement to mandatory probation, and leaves the consequence of such convictions to the determination of the sentencing judge pursuant to the discretion accorded elsewhere in the criminal code.

¶ 14 In summary, we hold that, as a consequence of Petitioner's two prior felony convictions for possession of narcotic drugs for sale, he is not entitled to mandatory probation pursuant to Proposition 200. We accept jurisdiction, deny relief, lift the stay that was previously entered, and remand for proceedings consistent with this opinion.

GRANT and GERBER, JJ., concur.