987 P.2d 759

**Robert Ray GRAY, Petitioner,**

v.

**The Honorable Michael IRWIN, Judge of the Superior Court of the State of Arizona, in and for the County of La Paz, Respondent Judge,**

**Glen Buckelew, La Paz County Attorney, Real Party in Interest.**

No. 1 CA–SA 98–0325.

Court of Appeals of Arizona, Division 1, Department D.

April 13, 1999.

Review Denied Oct. 26, 1999.

274

R. Glenn Buckelew, La Paz County Attorney by Martin Brannan, Deputy County Attorney, Parker, Attorneys for Respondent.

Michael J. Burke, La Paz County Public Defender by Fred H. Welch, Deputy Public Defender, Parker, Attorneys for Petitioner.

## OPINION

BERCH, Judge.

¶ 1 Petitioner Robert Ray Gray seeks special action relief from a sentence of two and one-half years in prison for his second conviction for possession of dangerous drugs. Gray argues that he is subject to the sentencing provisions of Arizona Revised Statutes Annotated ("A.R.S.") section 13–901.01 (Supp.1998), and therefore cannot be sentenced to prison. We accept jurisdiction of this special action and grant relief.

## BACKGROUND

¶ 2 On January 24, 1998, Gray was stopped for a traffic violation. During the officer's interaction with Gray, the officer became suspicious that Gray was under the influence of drugs. Gray admitted to the officer that he had been using drugs and consented to a search of his motel room. There the officer found drugs and drug paraphernalia.

¶ 3 Gray was charged with one count of possession of dangerous drugs, a class four felony, and one count of possession of drug paraphernalia, a class six felony. *See* A.R.S. §§ 13–3407(A)(1), (B)(1) (Supp.1998) and 13–3415(A) (1989 and Supp.1998). Gray subsequently pled guilty to possession of dangerous drugs. *See* A.R.S. § 13–3407(A)(1). As part of the plea agreement, the State dismissed the drug paraphernalia charge and agreed not to allege Gray's prior felonies to enhance the sentence on the drug possession charge. The trial court accepted the plea.

¶ 4 At the sentencing hearing on August 10, 1998, Gray acknowledged that he had two prior felony convictions, one for forgery in

1983 and one for possession of dangerous drugs in 1995. Because he had only one prior drug conviction, Gray argued that he was "eligible for Proposition 200," implying that probation was mandatory. The trial court concluded that probation was not mandatory pursuant to section 13–901.01 because Gray had two prior felony convictions, even though one was not a drug conviction. The court further found that probation was not appropriate and sentenced Gray to the presumptive term of two and one-half years in prison with eighty-eight days' credit for presentence incarceration.

## JURISDICTION

¶ 5 This Court may accept special action jurisdiction if a case presents an issue of first impression and one of statewide importance that is likely to recur. *See Snow v. Superior Court,* 183 Ariz. 320, 322, 903 P.2d 628, 630 (App.1995); *Lind v. Superior Court,* 191 Ariz. 233, 236, 954 P.2d 1058, 1061 (App. 1998). We have found no cases interpreting this aspect of A.R.S. section 13–901.01(F), although we have found cases interpreting related issues. *See, e.g., Goddard v. Superior Court,* 191 Ariz. 402, 404–05, 956 P.2d 529, 531–32 (App.1998), *review denied* (May 19, 1998), (holding that convictions for possession of drugs for sale may be considered when sentencing pursuant to A.R.S. § 13–901.01); *Bolton v. Superior Court,* 190 Ariz. 201, 203, 945 P.2d 1332, 1334 (App.1997) (interpreting 1997 version of act, stating that defendant may withdraw from plea agreement calling for mandatory probation if court rejects that provision of the agreement); *Mejia v. Superior Court,* 289 Ariz. Adv. Rep. 3, 195 Ariz. 270, 987 P.2d 756 (App.1999) (interpreting A.R.S. § 13–901.01(E)). Accordingly, in our discretion, we accept jurisdiction of Gray's petition.

## DISCUSSION

¶ 6 In 1996, Arizona voters passed, and in 1998 they reaffirmed, "Proposition 200," a statutory scheme that requires alternatives to incarceration for those convicted for the first time of possession or use of dangerous drugs and reduced penalties for those convicted a second time for such offenses. *See*

Proposition 200, § 10 (adding A.R.S. § 13–901.01). The two subsections at issue in this appeal, 13–901.01(F) and (G), provide different sanctions for a defendant's second conviction on personal drug possession charges than for a third or subsequent conviction for personal drug possession. Subsection (F) allows the imposition of as much as one year in jail as a condition of probation upon a second conviction:

> If a person is convicted a second time of personal possession or use of a controlled substance as defined in § 36–2501, the court may include additional conditions of probation it deems necessary, including intensified drug treatment, community service, intensive probation, home arrest, or any other action within the jurisdiction of the court.

Subsection (G) allows a defendant to be sentenced to prison for a third or subsequent conviction:

> A person who has been convicted three times of personal possession or use of a controlled substance as defined in § 36–2501 is not eligible for probation under the provisions of this section but instead shall be sentenced pursuant to the other provisions of chapter 34 of this title.

¶ 7 We must decide which of these subsections applies to Gray, given his prior conviction history. This issue involves a question of statutory interpretation, which we review *de novo. See Lind,* 191 Ariz. at 236, 954 P.2d at 1061. When interpreting a statute, we first look to its language, the "best and most reliable index" of its meaning. *Janson v. Christensen,* 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991). Unless the statute specifically defines a term, we will give the words their plain and ordinary meaning. *See State v. Korzep,* 165 Ariz. 490, 493, 799 P.2d 831, 834 (1990).

¶ 8 Section 13–901.01 does not address non-violent, non-drug-related prior felony convictions. Subsection 13–901.01(F) grants the court some discretion regarding the terms of probation it may impose upon a defendant's second conviction for personal possession of drugs. The court must place the defendant on probation, but may impose

any "additional conditions of probation ... within the jurisdiction of the court." By statute, a trial court can order that a defendant serve a maximum of one year in jail as a condition of probation. *See* A.R.S. § 13–901(F).

¶ 9  In this case, although Gray has only one prior felony conviction for possession of dangerous drugs, the trial court did not sentence Gray pursuant to subsection (F); rather, it proceeded under subsection (G). The State argued that subsection (G) gave the trial court discretion to sentence Gray to prison because Gray had two prior felony convictions: a 1983 felony forgery conviction and a 1995 conviction for possession of dangerous drugs. Although the clear language of subsection (G) specifies that only those with three or more personal *drug* possession convictions may be sentenced to prison, the State relied on language from *Goddard*, in essence, to transform Gray's 1983 forgery conviction into a personal drug possession conviction for purposes of subsection (G).

¶ 10  *Goddard* involved a defendant who pled guilty to possession of drugs after the passage of section 13–901.01. *See* 191 Ariz. at 403, 956 P.2d at 530. Because Goddard had two prior felony convictions for possession of narcotic drugs for sale, the trial court found that Goddard was not entitled to probation pursuant to section 13–901.01(A), and sentenced him to prison pursuant to subsection (G), the subsection now at issue before us. *See id.* Goddard claimed that section 13–901.01(G) did not apply to him because he had not been convicted of "two or more prior convictions for possession or use" and, therefore, he was entitled to mandatory probation. *Id.* at 404, 956 P.2d at 531.

¶ 11  On appeal, this Court held that Goddard could be sentenced to prison pursuant to subsection (G). The Court reasoned that allowing Goddard to receive mandatory probation because he had two prior convictions for the greater offense of possession of narcotics *for sale* rather than mere personal possession of narcotics would frustrate the

intent of the statute. *See id.* at 405, 956 P.2d at 532. The Court noted that subsection (G) was silent as to prior felony convictions for possession for sale, and also for such violent crimes as homicide, armed robbery, and sexual assault. *See id.* The Court refused to interpret the "statute's silence" as to those crimes as an indication of the people's intent that defendants convicted of such serious crimes should receive mandatory probation for subsequent convictions for personal possession of drugs. *Id.* The Court "[left] the consequence of [prior felony] convictions to the determination of the sentencing judge pursuant to the discretion accorded elsewhere in the criminal code." *Id.*

■ ¶ 12  We agree with the outcome of *Goddard.* Possession of drugs for personal use is a lesser-included offense of possession of drugs for sale. *See State v. Moroyoqui*, 125 Ariz. 562, 564, 611 P.2d 566, 568 (App. 1980). The drafters could not have intended the paradoxical result that a defendant who had prior convictions for the more serious offense of possession for sale would receive mandatory probation, but a defendant who had prior convictions for the lesser-included offense of personal possession of drugs would be sentenced to prison. Thus, *Goddard* correctly held that the defendant was not eligible for mandatory probation pursuant to section 13–901.01(G).

■ ¶ 13  However, subsection (G) is not the appropriate vehicle for denying probation to defendants who have prior felony convictions for homicide, sexual assault, and robbery. The statute is not silent as to such offenses; it clearly denies probation to those defendants charged with or convicted of a prior violent crime. *See* A.R.S. § 13–901.01(B).[1] Underscoring the seriousness of violent crimes, subsection (B) requires only one such charge or conviction to disqualify a defendant from consideration under section 13–901.01, while subsection (G), which relates to drug priors, requires two prior convictions.

1.  Subsection (B) provides as follows:
    B.  Any person who has been convicted of or indicted for a violent crime as defined in § 41–1604.15, subsection B[,] is not eligible for pro-
bation as provided for in this section but instead shall be sentenced pursuant to the other provisions of chapter 34 of this title.
    A.R.S. § 13–901.01(B) (footnote omitted).

¶ 14 While we agree with the outcome of *Goddard,* we must clarify its statement that we "leave[] the consequence of [prior felony] convictions to the determination of the sentencing judge." 191 Ariz. at 405, 956 P.2d at 532. Because section 13–901.01 is silent regarding the use of prior non-violent felony convictions, the trial court must look to the sentencing statutes to determine the proper use of such convictions as aggravating factors to increase the severity of the penalty. *See* A.R.S. § 13–702(C)(11) (Supp.1998). The penalty imposed, however, cannot exceed the maximum penalty set forth in section 13–901.01. We believe that this was the intent of this statement from *Goddard.* In this case, the trial court treated a fifteen-year old, non-violent forgery offense as though it were a drug possession offense, and then, based on that conversion, sentenced Gray as if his current conviction were his third conviction for possession of dangerous drugs. We do not believe that the drafters intended to give courts the authority to convert prior non-violent, non-drug-related felony convictions into prior personal possession convictions to boot-strap defendants into subsection (G). Thus, here, if the court determines that Gray's 1983 felony forgery conviction occurred within ten years of the date of the current offense, the court may consider Gray's prior forgery conviction in determining whether and for how long to sentence Gray to jail as a term of probation. *See id.*

¶ 15 As noted in *Goddard,* the logical implication of this conclusion is that, for a second drug possession conviction, a defendant who has prior felony convictions for non-violent, non-drug-related offenses may only be placed on probation, subject to terms including treatment and up to a year in jail. *See* A.R.S. § 13–901.01(F) (Supp.1998). But that is the law; if Arizona citizens wish a different result, they must legislate it. Defendants with such a criminal history would presumably have already received separate, increasingly severe sentences on those prior convictions.

¶ 16 This interpretation comports with the statute as a whole. *See State v. Pinto,* 179 Ariz. 593, 596, 880 P.2d 1139, 1142 (App. 1994) (statutory provisions must be construed in the context of the entire statute to determine intent). The statute provides graduated severity of punishment to defendants convicted of personal drug use or possession. Courts must place first-time drug offenders on probation and treatment, without the option of jail. *See* A.R.S. § 13–901.01(A). Second-time drug offenders receive mandatory probation and may be ordered to jail for as long as a year. Finally, courts may sentence third-time drug offenders to prison. *See* A.R.S. § 13–901.01(G).

¶ 17 Thus, we hold that Gray was not subject to the provisions of section 13–901.01(G), but rather was subject to section 13–901.01(F), and the court did not have discretion to sentence Gray to prison.

## CONCLUSION

¶ 18 Because we hold that Gray was subject to sentencing pursuant to subsection (F) rather than subsection (G), we accept jurisdiction, grant relief, and remand this matter for resentencing consistent with this decision.

CONCURRING: THOMAS C. KLEINSCHMIDT, Presiding Judge, and RUDOLPH J. GERBER, Judge.