4 P.3d 1075

**PARK CENTRAL MALL, LLC, an Arizona limited liability company, Plaintiff–Appellant,**

v.

**MARICOPA COUNTY, Arizona Department of Revenue, Defendants–Appellees.**

No. 1 CA–TX 98–0020.

Court of Appeals of Arizona, Division 1, Department T.

July 27, 2000.

Fennemore Craig, P.C. By Paul J. Mooney, Jim L. Wright, William S. Gates, Phoenix, for Appellant.

Richard M. Romley, Maricopa County Attorney By Susan L. Hable, Deputy County Attorney, and Jerry A. Fries, Phoenix, for Appellees.

## OPINION

FIDEL, Presiding Judge.

¶ 1 Park Central Mall, LLC ("PCM") appeals from summary judgment for Maricopa County and the Arizona Department of Revenue on its claim challenging the County's $8 million increase in the full cash value of PCM's property for tax year 1997. Although PCM's appeal presents many issues, we confine ourselves to one that is dispositive—the validity of the County's effort to correct an assessment error for tax year 1997 by notice of error filed before the third Monday in August of 1997. Finding the County's notice of error invalid pursuant to A.R.S. § 42–16256(B) (1999), we set aside the summary judgment entered in favor of the County and remand for entry of summary judgment in favor of PCM.

### I

¶ 2 In 1995, nonparty Noble Park Central Associates, the owner of the Park Central Mall in central Phoenix, demolished the inte-

rior of the former J.C. Penney store and converted it to office space. The remodeling was essentially complete in August 1995, allowing a substantial tenant to move in. In May 1996, Noble sold the remodeled J.C. Penney building and the associated parking space to PCM.

¶ 3 The valuation date for tax year 1996 was January 1, 1995. *See* A.R.S. § 42–11001(14), (15) (1999) (valuation date is January 1 of year preceding tax year; valuation year is calendar year preceding tax year). As of that date, the Maricopa County Assessor valued improvements at $500, an amount that understandably did not reflect the J.C. Penney remodeling that would not occur until later in 1995. During tax year 1996, after the sale to PCM, the Assessor assigned a separate parcel number to PCM's acquisition and apportioned to it part of the value formerly assigned to the entire mall. PCM's eventual bill for tax year 1996, though sent after the 1995 building improvements had been completed, did not take them into account; however, tax year 1996 is not at issue in this proceeding.

¶ 4 By January 1, 1996, the valuation date for tax year 1997, the remodeling was complete and the building was occupied, but the Assessor overlooked the improvement and sent Noble, which had not yet sold the building, a Notice of Valuation for tax year 1997 that failed to reflect the substantial value that had been added to the building. By March 31, 1997, however, Assessor's Office personnel recognized their omission. On that date, pursuant to statutes now numbered A.R.S. §§ 42–16251 through 42–16257, the Assessor sent PCM a Notice of Error and Proposed Correction for tax year 1997. The Notice proposed to correct the valuation of the building from $500 to $8.99 million, explaining, "Per a review of your parcel it was determined that the Assessor's records were in error for not including the improvement value. The new full cash value reflects a recent appraisal of your property by the Assessor's Office."

¶ 5 PCM objected by petition to the State Board of Equalization pursuant to A.R.S. § 42–16252(F) (1999). After the Board ruled for the Assessor, PCM brought this action in the tax court under A.R.S. § 42–16252(G). The matter was submitted on cross-motions for summary judgment; after the tax court granted the County's motion and denied PCM's motion, PCM brought this timely appeal.

**II**

¶ 6 PCM attacks the 1997 Notice of Error on many grounds. We need consider only one. A.R.S. § 42–16256(B) provides:

B. Except as provided in subsection C [an exception not implicated in this appeal], no notice of error or notice of claim under this article may be filed to correct an error that occurred more than three years before the notice of error or notice of claim is mailed or filed. In determining this three year period:

1. If the property is on the secured roll and:

(a) The notice is mailed or filed after the third Monday in August, the three year period is the current year and the two immediately preceding years.

(b) The notice is mailed or filed on or before the third Monday in August, the three year period is the three immediately preceding years.

¶ 7 This dispute boils down to whether the three-year period of reference in the quoted statute consists of valuation years or tax years. PCM contends it is the latter; Appellees contend it is the former. PCM contends, in other words, that because the Assessor mailed a Notice of Error on March 31, 1997, a date that preceded the third Monday in August, such a notice could only apply to assessment errors concerning the three immediately preceding tax years—1996, 1995, and 1994—and could not address an error concerning the (then) current tax year, 1997. Appellees contend in contrast that the notice was timely because it did address an error made in a preceding year—specifically, a valuation error made in 1996, the valuation year for 1997 taxes.

¶ 8 To resolve this dispute, we find it helpful to read A.R.S. § 42–16256(B) in conjunction with two closely related statutes. *See Goddard v. Superior Court*, 191 Ariz. 402, 404, ¶ 8, 956 P.2d 529, 531, ¶ 8 (1998) ("Statutes relating to the same subject ... should be construed harmoniously 'as though they

constituted one law.'"). The first is A.R.S. § 42–17151(A)(1) (1999), which requires county and other taxing bodies, on or before the third Monday in August each year, to fix, levy, and assess taxes. References to the third Monday in August in § 42–16256(B) obviously invoke the assessment date embodied in § 42–17151 and invite harmonious construction of the two. The second statute that assists our construction is A.R.S. § 42–16251(3) (1999), which defines "error" as "any mistake in assessing or collecting taxes" that results from a list of qualifying categories of mistakes that might occur in valuing or describing property and setting tax rates.[1]

¶ 9 We construe these statutes as follows: It is the pivotal third Monday in August, the assessment date under § 42–17151, and not the first day of January, the valuation date under § 42–11001(14), that provides the referential focus for correctable error under § 42–16251 et seq. A correctable error under §§ 42–16252 and –16256, in other words, is an error in the assessment of taxes on the third Monday of August; it is not an error in the valuation of property in the prior calendar year—the valuation year. Until taxes have been assessed on the third Monday in August of a given tax year, no correctable error "in assessing or collecting taxes" for that tax year has occurred. *See* A.R.S. § 42–16251(3).

¶ 10 This means that in PCM's case, although a predicate valuation error under § 42–16251(3)(e)(iii)—the failure to capture new construction—may have occurred in 1996, the assessment error that arose from that valuation error did not occur until the third Monday of August 1997, the assessment date for tax year 1997. Accordingly, pursu-

ant to the time line established in § 42–16256(B)(1), the County was unable until after the third Monday of August 1997 to correct that error through a Notice of Error pursuant to § 42–16252.

¶ 11 This is not to say that the Assessor lacks statutory means to correct a valuation oversight before the third Monday in August of a tax year. To the contrary, an Assessor who has failed to capture new construction on the tax rolls by the start of the valuation year may notify the owner of a change in valuation on or before September 30 of the valuation year, and the owner may appeal that change within twenty-five days thereafter. *See* A.R.S. § 42–15105 (1999).

¶ 12 By employing the assessment correction procedures set forth in § 42–16252, however, the Assessor was obliged to meet the limitations schedule established in § 42–16256(B). Pursuant to that schedule, the Assessor's March 31, 1997, notice was premature and thus invalid to correct a current year assessment error that would not occur until the third Monday of August.

### CONCLUSION

¶ 13 For the foregoing reasons, we reverse the summary judgment entered in favor of the County and remand for entry of summary judgment in favor of PCM.

CONCURRING: THOMAS C. KLEINSCHMIDT, Judge, and E.G. NOYES, JR., Judge.

---

1. The qualifying mistake claimed by the Assessor in this case is "A failure to timely capture on the tax roll a change in value caused by new construction, destruction, demolition or splitting or consolidating interests in real property existing on the valuation date." *See* A.R.S. § 42–16251(3)(e)(iii).