4 P.3d 438

**STATE of Arizona, Appellee,**

v.

**Angelita ESTRADA, Appellant.**

**No. 1 CA–CR 98–0797.**

Court of Appeals of Arizona, Division 1, Department E.

March 7, 2000.

Review Granted as to Issue No. 2 Sept. 26, 2000.

---

1. *See State v. Ford,* Maricopa County CR 9913773, Minute Entry of Dec. 3, 1999.

Janet Napolitano, Attorney General by Paul J. McMurdie, Chief Counsel Criminal Appeals Section and Diane M. Ramsey, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Lawrence S. Matthew, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

FIDEL, Judge.

¶ 1 With certain exceptions relating to prior convictions, Proposition 200, an initiative measure codified as A.R.S. § 13–901.01, requires probation for defendants convicted of personal possession of a controlled substance. This appeal presents two questions: (1) Does Proposition 200 require probation for a defendant convicted of personal possession of a controlled substance if the defendant has one prior conviction for conspiracy to possess narcotic drugs for sale? (2) Does Proposition 200 require probation for a defendant convicted of possession of drug paraphernalia? We answer both questions in the affirmative under the circumstances presented in this case. In answering the second question, we decline to follow *State v. Holm*, 195 Ariz. 42, 985 P.2d 527 (App.1998), a contrary opinion by Division Two of this court.

### BACKGROUND

¶ 2 Defendant Angelita Estrada was a passenger in a vehicle stopped and searched by the police. In a change purse that contained her driver's license and Social Security card, the police found two plastic bags of white powder and a glass tube used for smoking methamphetamine. Later testing showed the powder to be methamphetamine.

¶ 3 A jury found Defendant guilty of possession or use of a dangerous drug and possession with intent to use drug paraphernalia. The former is a class 4 felony pursuant to A.R.S. § 13–3407 (Supp.1999); the latter is a class 6 felony pursuant to A.R.S. § 13–3415(A) (Supp.1999). The trial court found that Defendant had a prior felony conviction; she had been convicted in 1988 for conspiracy to possess narcotic drugs for sale.

¶ 4 At sentencing, the trial court was obliged to determine (1) whether the probationary requirements of § 13–901.01 applied

to Defendant's conviction for personal drug possession despite her prior conviction for sale, and (2) whether the statute applied at all to Defendant's conviction on the paraphernalia charge. The statute states:

A. Notwithstanding any law to the contrary, any person who is convicted of the personal possession or use of a controlled substance as defined in § 36–2501 is eligible for probation. The court shall suspend the imposition or execution of sentence and place such person on probation.

B. Any person who has been convicted of or indicted for a violent crime . . . is not eligible for probation as provided for in this section. . . .

C. Personal possession or use of a controlled substance pursuant to this section shall not include possession for sale, production, manufacturing or transportation for sale of any controlled substance.

. . . .

F. If a person is convicted a second time of personal possession or use of a controlled substance as defined in § 36–2501, the court may include additional conditions of probation it deems necessary, including intensified drug treatment, community service, intensive probation, home arrest or any other action within the jurisdiction of the court.

G. A person who has been convicted three times of personal possession or use of a controlled substance as defined in § 36–2501 is not eligible for probation under the provisions of this section but instead shall be sentenced pursuant to the other provisions of chapter 34 of this title.

¶ 5 On the drug possession charge, the court initially placed Defendant on probation for three years, believing that § 13–901.01 mandated probation. Later concluding, however, that Defendant's prior conviction made probation inapplicable and incarceration mandatory, the court resentenced Defendant to the supermitigated term of 2.25 years for a class 4 felony with one prior conviction. On the paraphernalia charge, the court found § 13–901.01 inapplicable and sentenced Defendant to the supermitigated term of .75 years for a class 6 felony with one prior conviction.

¶ 6 Defendant does not contest the propriety of the vehicular search that led to her arrest, the fairness of her trial, or the validity of her convictions. Her appeal concerns the sentences alone, raising questions of statutory construction that we review de novo. *See Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996).

### EFFECT OF PRIOR CONVICTION

■ ¶ 7 One of the stated purposes of Proposition 200 is

To require that non-violent persons convicted of personal possession or use of drugs successfully undergo court-supervised mandatory drug treatment programs and probation.

Proposition 200, § 3(C), *Purpose and Intent.* But Proposition 200 does not require probation for every person convicted of personal possession or use of drugs. Instead, subsections (B) and (G) of A.R.S. § 13–901.01 list certain prior convictions that make a defendant ineligible for the probation that the statute otherwise requires. Subsection B makes mandatory probation unavailable to a defendant with a prior conviction for a violent crime; subsection G makes it unavailable to a defendant with two or more prior convictions for personal possession or use of a controlled substance.

¶ 8 Because Defendant's prior conviction does not fit either of these explicit statutory exceptions, Defendant argues that the trial court erred in sentencing her to prison on the personal possession charge. The trial court, however, believed itself bound to impose a prison sentence by our decision in *Goddard v. Superior Court,* 191 Ariz. 402, 956 P.2d 529 (App.1998).

¶ 9 In *Goddard,* we rejected the contention that subsection G of § 13–901.01 sets forth the only combination of nonviolent prior convictions that disqualifies a defendant from mandatory probation for a current conviction for personal possession or use of dangerous drugs. To determine how a different combination, not specified within the statute, affected a defendant's probation eligibility, we did not take statutory silence as conclusive; instead, we found it necessary to "interpret

the statute by reference to its stated purpose and by reference to the system of related statutes of which it forms a part." *Id.* at 404, ¶ 8, 956 P.2d at 531.

¶ 10 Goddard, convicted of personal possession for use, had two prior convictions for possession for sale. He argued that, because his type of prior conviction was not listed as disqualifying within subsection G, he was entitled to mandatory probation under § 13–901.01. The court, however, finding it incongruous that a defendant would be rendered ineligible for mandatory probation by two prior convictions for personal possession for use but not by the more severe criminal record of two prior convictions for possession for sale, "decline[d] to interpret the statute in a manner so contrary to common sense." *Id.* Instead, we concluded that two prior convictions for possession for sale must also disqualify a current use offender from mandatory probation under § 13–901.01. *Id.* at 405, ¶ 14, 956 P.2d at 532.

¶ 11 In an unfortunately loose passage, we also stated in *Goddard* that the impact of any prior conviction not expressly listed in § 13–901.01 must be determined by "the sentencing judge pursuant to the discretion accorded elsewhere in the criminal code." *Id.* at 405, ¶ 13, 956 P.2d at 532. In a later case, however, this court appropriately recognized that passage as overstated and misleading. *Gray v. Irwin*, 195 Ariz. 273, 277, ¶ 14, 987 P.2d 759, 763 (App.1999). In clarification of *Goddard*, the court stated in *Gray* that a trial court may look to the general sentencing statutes to determine the aggravating effect of a prior non-violent felony conviction not specified in § 13–901.01, but the court may not impose a penalty that exceeds the maximum penalty set forth in § 13–901.01. *Id.*

¶ 12 In *Gray*, the defendant, convicted of personal possession, had two prior convictions, one for possession of dangerous drugs, the other for forgery. Two prior convictions for personal possession would have disqualified the defendant for mandatory probation under the explicit terms of § 13–901.01(G). But could the forgery conviction be treated as equivalent to a second prior conviction for personal possession? The court found that it could not. *Id.* Rather, the trial court was obliged to place the defendant on probation under subsection (F) as a second-time personal possession offender, but entitled to consider the prior forgery conviction as an aggravating factor when choosing among the more stringent terms of probation that may be applied to a second-time possessory offender under subsection F. *Id.* at 277, ¶¶ 14, 15, 987 P.2d at 763.

¶ 13 *Gray* established that a non-violent, non-drug-related prior felony conviction cannot be treated as a prior personal possession conviction for the purposes of sentencing under § 13–901.01. *Id.* The wrinkle presented in this case is that Estrada has a non-violent but *drug-related* prior conviction. Further, the prior conviction was for conspiracy to possess narcotic drugs for sale; and, as we observed in *Goddard*, a prior conviction that entails commercial trafficking in drugs is more serious than one for possession for personal use. 191 Ariz. at 405, ¶ 12, 956 P.2d at 532. Here, as in *Goddard* and *Gray*, we lack explicit statutory guidance in determining the sentencing effect of this prior conviction. Thus here as there, we must interpret statutory silence in a way that accomplishes the statutory purpose and intent.

¶ 14 We start with the fact that Defendant has a single prior conviction for a non-violent crime. A single prior conviction disqualifies a defendant from mandatory probation eligibility under the statute only if it is a conviction for a violent crime. *See* § 13–901.01(B). This limitation seems deliberate, for it serves two of the stated purposes of Proposition 200: "(C) to require that non-violent persons convicted of personal possession or use of drugs successfully undergo court-supervised mandatory drug treatment programs and probation," and "(E) to free up space in our prisons to provide room for violent offenders." *See* Proposition 200, § 3, *Purpose and Intent.*

¶ 15 How then, in sentencing a present use offender, may a trial court take account of a single prior conviction that entails a commercial rather than a personal, non-commercial controlled substance offense? In *Goddard*, recognizing their greater severity, we concluded that two such priors can be no less consequential than two prior convictions

for personal possession. 191 Ariz. at 405, ¶ 12, 956 P.2d at 532. Here we similarly conclude that one such prior can be no less consequential than a single prior conviction for personal possession. The consequence of one prior personal possession conviction, under subsection F, is probation, but subject to "intensified drug treatment, community service, intensive probation, home arrest or any other action within the jurisdiction of the court." *See* A.R.S. § 13–901.01(F). Such terms, we hold, must similarly be available to the trial court when it orders probation for a current offender with one prior commercial controlled substance conviction. The court may accommodate the greater severity of such a conviction by opting for greater stringency in the probationary terms that it imposes. Among the court's options under subsection F, for example, is to require a probationer to serve up to one year in jail. *See Calik v. Kongable,* 195 Ariz. 496, ¶ 13, 990 P.2d 1055, 1058 (1999); *Gray,* 195 Ariz. at 277, ¶ 15, 987 P.2d at 763.

¶ 16 In summary, we hold that the trial court erred in sentencing Defendant to prison on her conviction for personal possession of dangerous drugs. Defendant was instead entitled to probation subject to the terms set forth in § 13–901.01(F).

### PARAPHERNALIA

■ ¶ 17 Defendant argues that her conviction for possession of drug paraphernalia is also governed by § 13–901.01. Once again, we must decipher a statute that is silent on the point.

¶ 18 Our colleagues in Division Two found statutory silence conclusive. Rejecting the contention that a defendant convicted of possession of drug paraphernalia is entitled to be sentenced pursuant to § 13–901.01, they stated, "Nothing in the express language of the statute supports" its application to a paraphernalia charge. *State v. Holm,* 195 Ariz. 42, ¶ 10, 985 P.2d 527, 529 (App.1998).

¶ 19 A literal reading of the statute supports the conclusion reached in *Holm.* Section 13–901.01 specifically addresses the consequences of conviction for "personal possession or use of a controlled substance"; it makes no reference to conviction for pos-

session of drug paraphernalia. We might conclude here, as we have often done in other statutory interpretations, that if the drafters wished to include a category absent from the statute, they would have done so in express terms.

¶ 20 Yet our case law has long cautioned that the courts must reject a literal statutory construction that would result in an absurdity and defeat the purpose of the statute to be construed. *See In re Marriage of Gray,* 144 Ariz. 89, 91, 695 P.2d 1127, 1129, (1985); *State v. Weible,* 142 Ariz. 113, 118, 688 P.2d 1005, 1010 (1984); *Feffer v. Bowman,* 90 Ariz. 48, 54, 365 P.2d 472, 476 (1961); *Keller v. State of Arizona,* 46 Ariz. 106, 117, 47 P.2d 442, 447 (1935); *Deyo v. Arizona Grading & Constr. Co.,* 18 Ariz. 149, 154, 157 P. 371, 372–73 (1916); *Tittle v. State,* 169 Ariz. 8, 9, 816 P.2d 267, 268 (App.1991); *Perez v. Maricopa County,* 158 Ariz. 40, 41, 760 P.2d 1089, 1090 (App.1988); *State Farm Auto. Ins. Co. v. Dressler,* 153 Ariz. 527, 531, 738 P.2d 1134, 1138 (App.1987). In criminal as in civil cases, we have adhered to the principle that "pragmatic construction is required if technical construction would lead to absurdity." *Weible,* 142 Ariz. at 118, 688 P.2d at 1010; *Tittle,* 169 Ariz. at 9, 816 P.2d at 268; *see also State v. Chavez,* 172 Ariz. 102, 104, 834 P.2d 825, 827 (App.1992) (the "consequence of literalism" would be one that the legislature, "had it recognized the tendency of its chosen words, would have surely undertaken to avoid"). Defendant argues that this is an instance in which technical or literal construction would lead to absurdity and defeat the statutory purpose. Upon reflection, we agree.

¶ 21 In 1996, the voters of Arizona enacted Proposition 200; in 1998 they reaffirmed it. Each time they undertook to divert drug offenders from prison to probationary treatment and reserve prison space for violent offenders. *See* Proposition 200, § 3, *Purpose and Intent.* The instruments and devices that amount to paraphernalia are not unlawful per se; pipes, rolling papers, envelopes, even blenders may constitute drug paraphernalia, but only to the extent that they are used or intended to be used in conjunction with a controlled substance—that is, an un-

lawful drug. *See* A.R.S. § 13–3415. The voters who insisted on probationary treatment for drug users could not have meant to mandate probation for possessing methamphetamine but permit prison for possessing a tube to smoke it in. The voters who sought to reserve prison space for violent offenders could not have intended, when a defendant is caught with a joint of marijuana, to require probation for the drug, yet permit prison for the rolling paper wrapped around it.[1] Such a scheme would make no sense; worse, it would defeat the purpose the enactment was meant to serve. Such a scheme would also contravene a general purpose of the criminal code, which is to reasonably differentiate among offenses and prescribe penalties proportionate to the crime. *See* A.R.S. § 13–101(4).

¶ 22 The courts have needed frequently since the passage of Proposition 200 to apply § 13–901.01 to circumstances that its drafters did not address. In *Calik*, our supreme court rejected a literal construction that permitted a first-time offender to be jailed as a condition of probation. Although nothing in the express language of the statute prohibited probationary jail for a first-time offender, elsewhere the statute expressly ruled out jail as a condition of reinstatement after a first violation of probation. To permit jail under the first circumstance but not the second "makes no sense," observed the court, and "would lead to an absurd result." 195 Ariz. at 499, ¶ 12, 990 P.2d at 1058. In *Goddard*, similarly, we rejected as "contrary to common sense" and statutory purpose a literal interpretation that would deny probation to a defendant with two prior convictions for personal possession but require probation for a defendant with the more severe history of two prior convictions for drug sales. 191 Ariz. at 404, ¶ 8, 956 P.2d at 531; *see also Gray*, 195 Ariz. at 277, ¶ 12, 987 P.2d at 763 (the drafters could not have intended so "paradoxical" a result). In *Stubblefield v. Superior Court*, we rejected as "illogical" and

contrary to statutory purpose a literal interpretation that would apply the probationary requirements of § 13–901.01 to possession of narcotic drugs but not to attempted possession of narcotic drugs. 313 Ariz. Adv. Rep. 29, ¶ 6, 197 Ariz. 382, ¶ 6, 4 P.3d 437, 2000 WL 64270 (App.2000). In each of these cases the courts, faced with statutory gaps, did their best to fill them in a manner that accomplished the purpose of the electorate that enacted Proposition 200. We proceed in that same spirit here.

¶ 23 We conclude that Defendant was erroneously sentenced to prison for the crime of possession of drug paraphernalia. The object in question, a pipe for consuming methamphetamine, derived its status as drug paraphernalia from intended use in the consumption of a controlled substance. We hold that possession of the paraphernalia, like possession of the methamphetamine, fell within the probationary requirements of A.R.S. § 13–901.01.

### CONCLUSION

¶ 24 Because Defendant was improperly sentenced to prison on her two convictions when she should have been placed on probation for each, we vacate Defendant's sentences and remand for proceedings consistent with this opinion.

CONCURRING: WILLIAM F. GARBARINO, Presiding Judge, and JAMES B. SULT, Judge.

---

1. We recognize that drug paraphernalia may derive its illicit status not only from use or intended use in conjunction with the consumption of a controlled substance, but also from use or intended use in conjunction with the production, manufacture, or sale of a controlled substance. *See* A.R.S. § 13–3415. Because this case concerns drug paraphernalia only of the first sort, it does not pose and we do not answer the question whether drug paraphernalia of the second sort falls within the scope of § 13–901.01.