17 P.3d 111

**Brandon KEENEN, Plaintiff–Appellee,**

v.

**Kenneth E. BILES and Tracy L. Biles, Defendants–Appellants.**

**No. 1 CA–CV 00–0286.**

Court of Appeals of Arizona, Division 1, Department C.

Jan. 2, 2001.

---

**5.** Effective until December 1, 1999.

Mark A. Tucker, P.C. by Mark A. Tucker, Mesa, Attorneys for Defendants–Appellants.

Casler Law Office by Carlton C. Casler, Phoenix, Attorneys for Plaintiff–Appellee.

## OPINION

PATTERSON, Judge.

¶ 1   Appellants, Kenneth E. and Tracy L. Biles (the Biles), appeal the trial court's denial of their Motion to Dismiss and its judgment for Appellee, Brandon Keenen (Keenen), achieved through a special detainer action brought under Arizona Revised Statutes Annotated (A.R.S.) section 33–1377 (2000).[1]

---

1. This is a *special detainer action* brought pursuant to A.R.S. section 33–1377 and not a *forcible detainer action*. Special detainer actions are sit-

¶ 2   This case involves a dispute between a landlord and his tenants concerning a residential lease. Because the parties entered into a lease agreement which was separate from the parties' purchase agreement, we find that the Arizona Residential Landlord Tenant Act (ARLTA) is applicable. A.R.S. §§ 33–1301 to –1706 (2000).

¶ 3   The Biles assert that the judgment should be overturned because they returned possession of the property to Keenen prior to the judgment date. The essence of their argument is that because actual possession of the property was no longer an issue, an award was not allowed under the statute for back rent, costs, and attorney fees; therefore, their Motion to Dismiss should have been granted. We disagree.

¶ 4   We review a denial of a motion to dismiss for abuse of discretion. *State v. Hansen*, 156 Ariz. 291, 294, 751 P.2d 951, 954 (1988). However, since this case involves an issue of statutory interpretation, we review it *de novo*. *Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996); *State v. Estrada*, 197 Ariz. 383, 4 P.3d 438, 316 Ariz. Adv. Rep. 9, 10, ¶ 6 (App.2000).

¶ 5   The controversy in this case is whether A.R.S. section 33–1377 permits a landlord to obtain a judgment for rent, costs and attorney fees when the property was returned to the possession of the landlord after the special detainer action was filed, but prior to the award of the judgment. A special detainer action may be brought by a landlord when a tenant fails to comply with the rental agreement. A.R.S. §§ 33–1377, –1368. Under section 33–1377 a landlord has available to him any of the remedies listed under section 33–1368. Specifically, sections 33–1368(B) and (C) state:

B.   A tenant may not withhold rent for any reason not authorized by this chapter. If rent is unpaid when due and the tenant fails to pay rent within five days after written notice by the landlord of nonpayment and the landlord's intention to termi-

uations where a landlord files an action to terminate a tenant's lease for breach of a current, valid lease agreement.

nate the rental agreement if the rent is not paid within that period of time, the landlord may terminate the rental agreement by filing a special detainer action pursuant to § 33–1377. Before the filing of a special detainer action the rental agreement shall be reinstated if the tenant tenders all past due and unpaid periodic rent and a reasonable late fee set forth in a written rental agreement. After a special detainer action is filed the rental agreement is reinstated only if the tenant pays all past due rent, reasonable late fees set forth in a written rental agreement, attorney fees and court costs. After a judgment has been entered in a special detainer action in favor of the landlord, any reinstatement of the rental agreement is solely in the discretion of the landlord.

C. The landlord may recover all reasonable damages, resulting from non-compliance by the tenant with the rental agreement or § 33–1341 or occupancy of the dwelling unit, court costs, reasonable attorney fees and all quantifiable damage caused by the tenant to the premises.

Further, section 33–1377(D) states that "[i]n addition to determining the right to actual possession, the court may assess damages, attorney fees and costs as prescribed by law."

¶6 The Biles assert that this language means that no other issues can be resolved unless there is an existing dispute pertaining to the possession of property. Conversely, Keenen contends that this language simply lays out what a court has jurisdiction to decide in a special detainer action. We interpret the statute "by reference to its stated purpose and by reference to the system of related statutes of which it forms a part." *Goddard v. Superior Court*, 191 Ariz. 402, 404, ¶8, 956 P.2d 529, 531 (App.1998) (citations omitted).

¶7 Section 33–1377 and 33–1368 are part of ARLTA which sets out the rights and remedies of both tenants and landlords. A.R.S. §§ 33–1301 to –1706. Section 33–1377 was designed to define the rights and remedies available to a landlord.

¶8 Specifically, section 33–1377 sets out what actions a landlord may undertake when a tenant does not pay rent. This action is a special detainer action. A.R.S. § 33–1377, –1368. Both section 33–1377 and 33–1368 state that the landlord may recoup costs, attorney fees, and any amounts due under the rental agreement. It seems incongruous to read the statute as ending the landlord's rights to recoup these expenses simply because the tenant gives up possession of the premises after a special detainer action was filed .[2]

¶9 To interpret the statute as the Biles suggest would essentially eviscerate the landlord's statutory protections. A tenant could hold out until a special detainer action was filed, then turn possession over to the landlord and walk away unscathed. Further, A.R.S. section 33–1305(A) states that "[t]he remedies provided by this chapter shall be so administered that the aggrieved party may recover appropriate damages." We, therefore, interpret sections 33–1377 and 33–1368 to allow judgment to be rendered for costs, rents, and attorney fees even though actual possession of the property may no longer be at issue.

## CONCLUSION

¶10 For reasons above, we affirm.

CONCURRING: EDWARD C. VOSS, Presiding Judge, and NOEL FIDEL, Judge.

---

**2.** This is not to suggest that a judgment may be awarded where a special detainer action was filed after a tenant already surrendered possession. We merely recognize that once an action has been filed, the tenant does not escape liability for the other damages allowed under the statute simply by returning possession of the property.