NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

PABLO JOSE MARQUEZ, *Appellant.*

No. 1 CA-CR 16-0622
FILED 8-22-2017

Appeal from the Superior Court in Apache County
No. S0100CR201500271
The Honorable C. Allan Perkins, Judge *Pro Tempore*

**REVERSED AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By W. Scott Simon
*Counsel for Appellee*

The Rigg Law Firm, P.L.L.C., Pinetop
By Brett R. Rigg
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia A. Orozco[1] joined.

---

**C R U Z**, Judge:

¶1 Appellant Pablo Jose Marquez appeals the superior court's finding of a probation violation. Marquez argues the court erred when it found that a lighter constituted "drug paraphernalia," that he had possession of the lighter, and that he used or intended to use the lighter in conjunction with illegal drugs. For the reasons listed below, we reverse and remand.

## FACTUAL AND PROCEDURAL HISTORY

¶2 In October 2015, Marquez was convicted of possession of drug paraphernalia and was placed on probation. Four months later, Detective Bishop stopped a car in which Marquez was a passenger. A woman was driving the car; Marquez and another woman were in the back seat. As the detective approached, all three lit cigarettes with a single torch lighter. At Detective Bishop's request, the driver exited the car and walked with him to the patrol vehicle. While speaking with the driver, Detective Bishop observed the woman in the back seat repeatedly reach toward the front center console of the car.

¶3 Meanwhile, a second officer and his police dog arrived, and the police dog alerted to the presence of contraband in the car. A search uncovered a purse in the front center console area. The purse contained a meth pipe with white residue, small rectangular pieces of tinfoil with burn residue, two short straws with residue, and a pocket scale.[2] A torch lighter was discovered in the back seat.

---

[1] The Honorable Patricia A. Orozco, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2] Marquez does not challenge the legality of the stop or subsequent search.

¶4 Marquez' probation officer filed a petition to revoke his probation. The superior court declined to find Marquez possessed any of the drug paraphernalia in the purse, but found he was in constructive possession of the lighter. Based on the evidence that the occupants of the car used the lighter to ignite their cigarettes, and its finding that Marquez had "knowledge of the illegal activity within the car," the court concluded that Marquez' possession of the lighter constituted possession of drug paraphernalia.

¶5 Marquez timely appealed. This Court has jurisdiction pursuant to Arizona Constitution Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).[3]

## DISCUSSION

¶6 A probation violation must be established by a preponderance of the evidence, Ariz. R. Crim. P. 27.8(b)(3), and the superior court's finding of a violation will be upheld "unless the finding is arbitrary or unsupported by any theory of evidence." *State v. Thomas*, 196 Ariz. 312, 313, ¶ 3, 996 P.2d 113, 114 (App. 1999). On review, this Court views the evidence in the light most favorable to sustaining the superior court's finding. *State v. Tatlow*, 231 Ariz. 34, 39-40, ¶ 15, 290 P.3d 228, 233-34 (App. 2012).

¶7 Marquez argues the lighter found in the back seat was not drug paraphernalia, he did not possess it, and even if he did possess it, he did not do so in connection with a controlled substance.

¶8 Possession of an item, without evidence of use or an intent to use the item in conjunction with drugs, is insufficient to show a violation. *See State v. Estrada*, 197 Ariz. 383, 387-88, ¶ 21, 4 P.3d 438, 442-43 (App. 2000) ("The instruments and devices that amount to paraphernalia are not unlawful per se . . . [they] may constitute drug paraphernalia, but only to the extent that they are used or intended to be used in conjunction with a controlled substance–that is, an unlawful drug.").

¶9 To establish that Marquez violated the terms of his probation by possessing drug paraphernalia, as alleged, the State was required to demonstrate, by a preponderance of the evidence, that Marquez possessed the torch lighter with the intent that it be used to "inject, ingest, inhale, or otherwise introduce into the human body a drug . . . ." A.R.S. § 13-3415(A).

---

[3] We cite the current version of statutes unless revisions material to this decision have since occurred.

The superior court found Marquez constructively possessed the torch lighter, as evidenced by his lighting of a cigarette with it.

**¶10** In determining whether a torch lighter constitutes "drug paraphernalia," the superior court must consider relevant factors including, but not limited to, the proximity of the lighter to the drugs and direct or circumstantial evidence of Marquez' intent to use the lighter to facilitate the consumption of an illicit substance. A.R.S. § 13-3415(E).

**¶11** The superior court found there was no testimony that Marquez had any connection to the other items of contraband found within the vehicle, all of which were inside the purse. The court found that it was the "knowledge of the illegal activity within the car, that constitute[d] possession of paraphernalia." But Marquez' knowledge of the other women's use or intent to use the lighter in conjunction with drugs does not establish intent on the part of Marquez to do the same. Marquez' use or intent to use the lighter as drug paraphernalia must be independently shown. The superior court's finding that the contraband found within the purse was not possessed by Marquez negates the inference that he used or intended to use the lighter as drug paraphernalia.

## CONCLUSION

**¶12** Because the superior court did not find evidence of Marquez' knowledge of the existence of illegal contraband within the vehicle, ongoing illegal activity involving Marquez, or his use or intent to use the lighter in any way other than to light a cigarette, a finding that the torch lighter was drug paraphernalia as to Marquez is unsupported.

**¶13** For the foregoing reasons, we reverse the superior court's finding of violation of probation and remand for further proceedings.



AMY M. WOOD • Clerk of the Court
FILED:  AA