18 P.3d 146

**STATE of Arizona, Appellee,**

v.

**George Teodoro PEREYRA, Appellant.**

**No. 1 CA–CR 99–0809.**

Court of Appeals of Arizona, Division 1, Department E.

Feb. 6, 2001.

Janet Napolitano, Attorney General, by Randall M. Howe, Chief Counsel, Criminal Appeals Section and Galen H. Wilkes, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Office of the Legal Defender, by Edward P. Feheley, Assistant Legal Defender, Yuma, Attorneys for Appellant.

1. We address Defendant's appeal of his sentence for possession of paraphernalia in a separate

## OPINION

FIDEL, Judge.

¶ 1 In 1996, the Arizona electorate adopted Proposition 200, codified as A.R.S. § 13–901.01, requiring suspension of sentence, imposition of probation, and treatment for certain crimes entailing possession of drugs for personal use. The question presented in this appeal is whether § 13–901.01 applies to the possession of a narcotic drug for personal use within a drug free school zone. Answering that question in the affirmative, we remand to the trial court for resentencing.

### BACKGROUND

¶ 2 While executing a search warrant, police officers discovered heroin and drug paraphernalia in Defendant's home, which sits 59 feet from Yuma High School. Defendant was charged with possession of a narcotic drug in violation of A.R.S. § 13–3408(A)(1), possession of a narcotic drug in a drug free school zone in violation of A.R.S. § 13–3411(A)(2), and possession of drug paraphernalia in violation of A.R.S. § 1–3415(A). A jury convicted Defendant of all charges. The trial court suspended sentence and imposed twenty-four months of unsupervised probation under § 13–901.01 for possession of narcotics, but sentenced Defendant to three and one-half years of incarceration for possession of narcotics in a drug free school zone and one year of incarceration for possession of paraphernalia. Defendant appeals his sentences of incarceration on the latter counts, arguing that § 13–901.01 requires probation for each.[1]

### POSSESSION WITHIN A SCHOOL ZONE

¶ 3 The trial court found that personal drug possession, when committed within a drug free school zone, entails an extra element that makes § 13–901.01 inapplicable. This ruling is one of law, which we review *de novo*. *See Gray v. Irwin*, 195 Ariz. 273, 275, ¶ 7, 987 P.2d 759, 761 (1999).

¶ 4 Defendant was convicted under A.R.S. § 13–3411, which states in part:

memorandum decision. *See Fenn v. Fenn*, 174 Ariz. 84, 85, 847 P.2d 129, 130 (1993).

A. It is unlawful for a person to do any of the following:

. . . .

2. Possess or use marijuana, peyote, dangerous drugs or narcotic drugs in a drug free school zone.

This statute defines "drug free school zone" as "the area within three hundred feet of a school or its accompanying grounds, any public property within one thousand feet of a school or its accompanying grounds, a school bus stop or on any school bus or bus contracted to transport pupils to any school." A.R.S. § 13–3411(I)(1). The statute further enhances by one year the minimum, presumptive, and maximum sentences for drug offenses when those offenses are committed within a drug free school zone, and it expressly makes such school zone offenders ineligible for probation. A.R.S. § 13–3411(B).

¶ 5 If not for § 13–901.01, Defendant would assuredly be ineligible for probation under the explicit terms of § 13–3411(B). The question, however, is whether § 13–3411(B) is superseded by the explicit terms of § 13–901.01(A), which provides:

Notwithstanding any law to the contrary, any person who is convicted of the personal possession or use of a controlled substance as defined in § 36–2501 is eligible for probation. The court shall suspend the imposition or execution of sentence and place such person on probation.

(Emphasis added.)

¶ 6 Our first point of reference in statutory interpretation is the statutory language. State v. Williams, 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993). If the language is clear and unambiguous, we apply it without resorting to rules of statutory construction, unless application of the literal language of the statute would lead to an absurd result. State v. Riggs, 189 Ariz. 327, 333, 942 P.2d 1159, 1165 (1997); Calik v. Kongable, 195 Ariz. 496, 499, ¶ 12, 990 P.2d 1055, 1058 (1999). In construing an initiative, our primary purpose is to effectuate the intent of those who framed it and the electorate that adopted it. Foster v. Irwin, 196 Ariz. 230, 231, ¶ 3, 995 P.2d 272, 273 (2000).

¶ 7 The framers of § 13–901.01 did not expressly identify personal possession of drugs within a drug free school zone as a crime within its scope. Nevertheless, the statute, as we read it, unambiguously applies to such a crime. Three aspects of the statute support this reading: First, it speaks comprehensively of crimes of personal possession or use; thus, the absence of specific reference to personal possession within a school zone is not telling. Second, the statute explicitly and comprehensively supersedes laws that deny probation for crimes of personal possession or use, mandating probation "[n]otwithstanding any law to the contrary." A.R.S. § 13–901.01(A). Third, the statute lists exceptions to the requirement of probation, and school zone possession is not among them. Specifically, A.R.S. § 13–901.01(C) provides:

Personal possession or use of a controlled substance pursuant to this section shall not include possession for sale, production, manufacturing or transportation for sale of any controlled substance.

The statute also denies probation eligibility to persons convicted or indicted for a violent crime and to repetitive drug offenders-those having two or more prior drug-related convictions. A.R.S. §§ 13–901.01(B), (G). Because § 13–901.01 states exceptions but does not list possession in a drug free school zone among them, we conclude that possession within a drug free school zone is not excluded from the statute's application. See State v. Ault, 157 Ariz. 516, 519, 759 P.2d 1320, 1323 (1988) ("when the legislature expresses a list, we assume the exclusion of items not listed").

¶ 8 The State argues that commission of an offense within a drug free school zone adds an extra element, and one of potential danger, that removes an otherwise simple possession from the scope of § 13–901.01. Yet possession for sale, production, manufacturing or transportation for sale, the exceptions listed in § 13–901.01(C), also entail an extra element, and one of potential danger. If an extra or potentially dangerous element sufficed to remove a crime of personal possession from the probationary ambit of the statute, subsection C would be superfluous. We do not interpret a statute in a manner that

makes one of its parts superfluous. *State v. Deddens,* 112 Ariz. 425, 429, 542 P.2d 1124, 1128 (1975).

¶ 9 We note as well that possession within a drug free school zone is not of the same character as the express statutory exceptions. In the exceptions set forth in subsection C, the framers and the electorate differentiated possession of unlawful drugs for personal use from possession for the purpose of commercial trafficking. *Foster,* 196 Ariz. at 233, ¶ 7, 995 P.2d at 275; *Goddard v. Superior Court (Romley),* 191 Ariz. 402, 404, ¶ 9, 956 P.2d 529, 531 (1998). Proximity to a school does not remove a crime of personal possession from the former category and place it within the latter. Nor does proximity to a school place the Defendant in either of the other categories made ineligible for probation under § 13–901.01; Defendant was not charged as either a violent or a repetitive drug offender. A.R.S. § 13–901.01(B), (G).

¶ 10 We do not dismiss the public interest in limiting the exposure of school children to drugs. Indeed, the framers declared that Proposition 200 was motivated in part by public concern over the increasing number of students using drugs. Proposition 200, Findings and Declarations § 2(A). Further, they urged that funds freed by diverting nonviolent possessors from prison could be better used for other purposes, including to fund programs to increase parental involvement in the drug education of their children. *Id.* at § 2(F). In short, although the framers of Proposition 200 both contemplated and addressed the public interest in limiting the exposure of students to drugs, they did not choose to include school zone possessors among those singled out to be ineligible for probation.

 ¶ 11 Nor does this omission contravene the purpose of the enactment. To the contrary, Proposition 200 was intended to divert nonviolent drug possessors to treatment and to free prison space for drug dealers and violent offenders. Proposition 200, Findings and Declarations, §§ 2(D), (E); Purpose and Intent, §§ 3(C), (E). Nonviolent possessors, not involved in dealing, who possess their drugs within the perimeter of a school zone are no less likely to benefit from diversionary treatment programs than are users who possess their drugs at ranges farther from a school.

CONCLUSION

¶ 12 We conclude that A.R.S. § 13–901.01 applies to the offense of personal possession of a controlled substance in a drug free school zone and that Defendant was eligible for probation for that offense. We remand for resentencing consistent with this opinion.

CONCURRING: REBECCA WHITE BERCH, Presiding Judge, and E.G. NOYES, Jr., Judge.

