30 P.3d 661

**STATE of Arizona, Appellee,**

v.

**Edwin ROMAN, Appellant.**

**No. 1 CA–CR 00–0522.**

Court of Appeals of Arizona, Division 1, Department E.

Sept. 18, 2001.

Janet Napolitano, Attorney General, by Randall M. Howe, Chief Counsel, Criminal Appeals· Section and Jacquelyn B. Eskay, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender, by James M. Likos, Deputy Public Defender, Attorneys for Appellant.

## OPINION

VOSS, Judge.

¶ 1 Edwin Roman ("defendant") appeals from his convictions, after jury trial, of one count of promoting prison contraband, a class 2 felony, and one count of possession of dangerous drugs, a class 4 felony, and from the prison sentence imposed for promoting prison contraband. The sole issue raised on appeal is whether the trial court erred in sentencing defendant to a term of imprisonment rather than probation for promoting prison contraband. For the following reasons, we affirm.

¶ 2 On October 20, 1998, while defendant was confined at the Maricopa County Towers Jail, a detention officer confiscated a plastic bag containing a white powdery substance from defendant's shirt pocket. The substance turned out to be twenty-seven milligrams of methamphetamine. At trial, defen-

dant admitted a prior felony conviction and was convicted as charged of both possession of dangerous drugs and promoting prison contraband.

¶3 Prior to sentencing, the trial judge instructed the parties to brief the issue of the applicability of Arizona Revised Statutes ("A.R.S.") section 13–901.01, part of the Drug Medicalization, Prevention, and Control Act of 1996, commonly known as "Proposition 200," to the sentence for promoting prison contraband in light of *State v. Estrada,* 197 Ariz. 383, 4 P.3d 438 (App. 2000) (review granted Sept. 26, 2000). After considering the parties' memoranda, the trial court found that under the current state of the law, promoting prison contraband did not qualify for mandatory probation under Proposition 200, and sentenced defendant to the exceptionally mitigated term of four and one-half years for promoting prison contraband and a concurrent term of three years probation for possession of dangerous drugs.

¶4 Defendant contends that Proposition 200 precludes the court from sentencing him to prison for promoting prison contraband. He claims that Proposition 200 mandates probation for the personal possession of methamphetamines, wherever that possession occurs, even in jail. We disagree.

¶5 This involves an issue of statutory construction that we review de novo. *Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996). In construing an initiative such as Proposition 200, our primary purpose is to effectuate the intent of those who framed the provision and of the electorate that adopted it. *Foster v. Irwin,* 196 Ariz. 230, 231, ¶3, 995 P.2d 272, 273 (2000). The purpose of Proposition 200 was to begin treating drug abuse as a public health problem and provide alternatives to prison for persons convicted of the personal possession or use of drugs, including drug treatment and education. *Id.; see also* Proposition 200, Findings and Declarations at § 2(A) and (D), 1997 Ariz. Sess. Laws 2896; A.R.S. § 13–901.01(A) and (D) (2001).

¶6 Here, defendant was charged with the offense of promoting prison contraband by knowingly possessing contraband while being confined in a correctional facility. A.R.S. § 13–2505(A)(3) (Supp.1998). "Contraband" is defined as "any dangerous drug, narcotic drug, marijuana, intoxicating liquor of any kind, deadly weapon, dangerous instrument, explosive or other article whose use or possession would endanger the safety, security or preservation of order in a correctional facility or of any person therein." A.R.S. § 13–2501(1) (Supp.1998). Promoting prison contraband, if the contraband is a dangerous drug, narcotic drug, or marijuana, is a class 2 felony. A.R.S. § 13–2505(C).

¶7 In *State v. Estrada,* this court held that Proposition 200 required probation for defendants convicted of possession of drug paraphernalia although that offense was not one of the ones enumerated in the statute. 197 Ariz. at 387–88, ¶21, 4 P.3d at 442–43. More recently, this court found that probation was also required for the personal possession of drugs within a "drug-free school zone." *State v. Pereyra,* 199 Ariz. 352, 355, ¶9, 18 P.3d 146, 149 (App. 2001).[1] We do not believe, however, that Proposition 200 applies to mandate probation for promoting prison contraband.

¶8 Section 13–901.01(A) states that, "[n]otwithstanding any law to the contrary, any person who is convicted of the personal possession or use of a controlled substance as defined in § 36–2501 is eligible for probation." However, § 13–2505 does not simply proscribe the personal possession or use of drugs; it proscribes "promoting prison contraband." Moreover, § 13–901.01 does not include promoting prison contraband within one of the offenses mandating probation, nor do the purposes of Proposition 200 indicate that it was intended to apply to such an offense. The legislature chose long ago to treat the possession of a controlled substance in a correctional facility more severely than mere possession. *See* 1987 Ariz. Sess. Laws 980 (reclassifying promotion of prison contraband when such contraband constituted drugs from a class 4 to a class 2 felony).

1. Although the state filed a petition for review in *Pereyra* on March 8, 2001, the Arizona Supreme Court has made no decision to date to either grant or deny review.

¶ 9 Proposition 200 applies to drug possession offenses that occur in the community, not in jail or prison, while promoting prison contraband deals specifically with individuals who are incarcerated or in the control of a correctional facility. *See* A.R.S. §§ 13–2501(2), –2505(E) (promoting prison contraband does not apply to parole, probation, community supervision, or home arrest). This is a reasonable distinction because the penalties for promoting prison contraband seek to promote "the safety, security or preservation of order in a correctional facility." A.R.S. § 13–2505(1).

¶ 10 Contrary to defendant's contention, it does matter where the possession of drugs occurs when it occurs in jail or prison. Proposition 200 does not mandate probation for the crime of promoting prison contraband.

¶ 11 For the foregoing reasons, defendant's convictions and sentences are affirmed.

CONCURRING: ANN A. SCOTT TIMMER, Presiding Judge, and JON W. THOMPSON, Judge.