IN THE COURT OF APPEALS
DIVISION TWO



THE STATE OF ARIZONA, )
                                              )        2 CA-CR 2007-0075-PR
                    Respondent,    )        DEPARTMENT B
                                              )
          v.                            )        O P I N I O N
                                              )
ALEJANDRO CHAPARRO ROMERO,    )
                                              )
                    Petitioner.       )
                                              )

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20042719

Honorable Virginia C. Kelly, Judge

REVIEW GRANTED; RELIEF DENIED

Robert J. Hooker, Pima County Public Defender
  By Scott A. Martin                                                           Tucson
                                                           Attorneys for Petitioner

E S P I N O S A, Judge.

**¶1**            After pleading guilty, petitioner Alejandro Romero was convicted of promoting prison contraband, a class two felony, and sentenced to a presumptive term of five years in prison. Romero filed a notice of post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P., 17 A.R.S., and in his petition for post-conviction relief argued his sentence was illegal. Romero, who is an inmate at the Arizona Department of Corrections, maintained he was eligible for mandatory probation, pursuant to A.R.S. § 13-901.01, because the contraband

discovered in his possession was methamphetamine.[1] The trial court denied relief, and this petition for review followed.

¶2　　　　In his petition, Romero acknowledges that Division One of this court rejected this same argument in *State v. Roman*, 200 Ariz. 594, ¶ 8, 30 P.3d 661, 662 (App. 2001). He contends, however, that *Roman* was wrongly decided and cannot be reconciled with another Division One opinion, *State v. Pereyra*, 199 Ariz. 352, ¶ 12, 18 P.3d 146, 149 (App. 2001) (defendant convicted of personal-use possession of a narcotic drug in a drug-free school zone, A.R.S. § 13-3411(A)(2), subject to mandatory probation under § 13-901.01). According to Romero, "*Roman* and *Pereyra* conflict, . . . [a]nd, both cases were released before our supreme court issued [*State v.*] *Estrada*, [201 Ariz. 247, 34 P.3d 356 (2001)], which established that Proposition 200 should be construed broadly and liberally in terms of what crimes it encompasses." Romero therefore asks this court to "disavow *Roman* and hold that the superior reasoning of *Pereyra* should apply" to his case.[2]

---

[1]Section 13-901.01 codified the voter initiative commonly known as Proposition 200. 1997 Ariz. Sess. Laws, ch. 246, § 1. ("Drug Medicalization, Prevention, and Control Act of 1996.") Section 13-901.01(A) now provides: "Notwithstanding any law to the contrary, any person who is convicted of the personal possession or use of a controlled substance or drug paraphernalia is eligible for probation. The court shall suspend the imposition or execution of sentence and place the person on probation."

[2]Romero concedes the trial court was bound by *Roman*. *See, e.g., Francis v. Ariz. Dep't of Transp.*, 192 Ariz. 269, ¶ 10, 963 P.2d 1092, 1094 (App. 1998). He also correctly notes that although we generally consider "decisions of coordinate courts as highly persuasive and binding," we may reach a different conclusion if "we are convinced that [*Roman* is] based upon clearly erroneous principles." *Castillo v. Indus. Comm'n*, 21 Ariz. App. 465, 471, 520 P.2d 1142, 1148 (1974).

¶3        We review a trial court's order summarily dismissing a petition for post-conviction relief for an abuse of discretion. *State v. Bennett*, 213 Ariz. 562, ¶ 17, 146 P.3d 63, 67 (2006). Although Romero's claim involves the interpretation of statutes and so raises a question of law, *State v. Box*, 205 Ariz. 492, ¶ 9, 73 P.3d 623, 626 (App. 2003), "[a]n error of law committed in reaching a discretionary conclusion may . . . constitute an abuse of discretion," *State v. Wall*, 212 Ariz. 1, ¶ 12, 126 P.3d 148, 150 (2006). "We review issues of statutory interpretation de novo." *Moreno v. Jones*, 213 Ariz. 94, ¶ 23, 139 P.3d 612, 616 (2006). We conclude the trial court has not abused its discretion and has correctly stated the law; therefore, we decline Romero's suggestion that we diverge from the holding in *Roman*.

¶4        As the trial court explained in its order,

> Petitioner characterizes his offense as the possession of drugs for personal use by an incarcerated inmate. However, Petitioner was convicted of a violation of A.R.S. § 13-2505(A)(3), promoting prison contraband by "knowingly . . . possessing contraband while being confined in a correctional facility. . . ." Proposition 200, as codified at A.R.S. § 13-901.01, applies to persons "convicted of the personal possession or use of a controlled substance . . . ." Petitioner was not convicted of personal possession or use of a controlled substance. By its plain language, §13-901.01 does not apply to an offense for promoting prison contraband.

¶5        Romero argues the trial court erred because "the phrase 'promoting prison contraband' is merely the title of the statute and descriptor of the crime [and] 'headings to sections . . . do not constitute part of the law,'" quoting A.R.S. § 1-212. We find no ambiguity in the language of § 13-2505 or in the incorporated definition of contraband, set

3

forth in A.R.S. § 13-2501(1). But "we may nonetheless limit the scope of an otherwise unambiguous statute to conform to the statutory scheme in which the statute is found. And, although title and section headings of statutes are not law, we may look to them for guidance." *Pleak v. Entrada Property Owners' Ass'n*, 205 Ariz. 471, ¶ 7, 73 P.3d 602, 605 (App. 2003) (citations omitted), *aff'd*, 207 Ariz. 418, 87 P.3d 831 (2004); *cf. Moreno*, 213 Ariz. 94, ¶¶ 27-28, 139 P.3d at 617 (declining to apply definition of forgery in criminal code, A.R.S. § 13-2002, to "petition forgery" in election code, A.R.S. § 16-351(F); statutes that "'relate to the same subject or have the same general purpose . . . should be construed together with other related statutes,'" *quoting State ex rel. Larson v. Farley*, 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970)); *State v. Story*, 206 Ariz. 47, ¶ 13, 75 P.3d 137, 141 (App. 2003) (§ 13-901.01 interpreted in conjunction with sentencing provisions found in chapter 34 because statutes in pari materia).

¶6 Here, Romero's offense, in violation of § 13-2505(A)(3), is not among the drug offenses in chapter 34 of title 13, but is among the "Escape and Related Offenses" in chapter 25. Although prison contraband certainly includes a dangerous drug such as methamphetamine, it also includes any "other article whose use or possession would endanger the safety, security or preservation of order in a correctional facility . . . or of any person therein." § 13-2501(1); *see also* A.R.S. § 13-3401(6)(b)(xiii). That Romero violated this statute by possessing methamphetamine, rather than some other kind of contraband, does not mean he was convicted of the offense of "personal possession or use of a controlled

4

substance." § 13-901.01(A); *see also Roman*, 200 Ariz. 594, ¶¶ 6-9, 30 P.3d at 662-63 (conviction under § 13-2505(A)(3) not subject to § 13-901.01(A)).

¶7        Romero relies on *Pereyra* for the proposition that § 13-901.01 "speaks comprehensively of crimes of personal possession or use" and "explicitly and comprehensively supersedes laws that deny probation for crimes of personal possession or use." *Pereyra*, 199 Ariz. 352, ¶ 7, 18 P.3d at 148. But *Pereyra* considered whether § 13-901.01(A) supplanted A.R.S. § 13-3411, which provided for enhanced penalties and proscribed probation when other chapter 34 drug offenses were committed on or near school property. *Pereyra*, 199 Ariz. 352, ¶¶ 4-5, 18 P.3d at 147-48; *see also* § 13-3411(B) (incorporating felony classifications for offenses "that the person would otherwise be guilty of had the violation not occurred within a drug free school zone"). This case, in contrast, does not involve a chapter 34 offense.

¶8        Whether *Pereyra* was correctly decided is not before us. But, in any event, we find its reasoning inapposite here. *Pereyra* is distinguished by its consideration of those "convicted of the possession or use of a controlled substance," § 13-901.01, as those crimes are set forth in chapter 34. The plain language of the statute, along with the existing statutory scheme at the time of its enactment, suggests the "crimes of personal possession or use" identified by § 13-901.01 are those crimes that may be found in chapter 34, the chapter of the criminal code governing "drug offenses."[3]

---

[3]This analysis contravenes Romero's argument that a conviction pursuant to § 13-2505(A)(3) must be subject to mandatory probation because it is not among the crimes expressly excluded in § 13-901.01(C), which provides "[p]ersonal possession or use of a

5

**¶9** Thus, in this case, we find *Roman* and *Wozniak v. Galati*, 200 Ariz. 550, ¶¶ 17-18, 30 P.3d 131, 136 (App. 2001), another Division One decision, more applicable than *Pereyra*. In *Wozniak*, the defendant had argued he was eligible for probation under § 13-901.01 after he was convicted of "driving while there [was an illegal drug] or its metabolite in the . . . body." A.R.S. § 28-1381(A)(3); *Wozniak*, 200 Ariz. 550, ¶ 16, 30 P.3d at 135-36. The defendant in *Wozniak* had maintained that because "a violation of A.R.S. § 28-1381(A)(3) requires only that a person use a proscribed drug at some point before driving," and does not require evidence of impairment, his conviction was actually for the "personal . . . use of a controlled substance" and was therefore subject to § 13-901.01(A). *Wozniak*, 200 Ariz. 550, ¶ 16, 30 P.3d at 135-36. The court rejected Wozniak's argument, stating:

> The plain language of A.R.S. § 13-901.01(A) applies to "any person who is convicted of the personal possession or use" of drugs. But Wozniak was convicted of violating section 28-1381(A)(3), which, along with other statutes, regulates the privilege of driving on Arizona's public roads. The legislature apparently concluded that the public has a strong interest in

controlled substance pursuant to this section shall not include possession for sale, production, manufacturing or transportation for sale of any controlled substance." All of these excluded crimes are found in chapter 34. *See* A.R.S. §§ 13-3407(A)(2), 13-3408(A)(2) (possession of a dangerous drug for sale, possession of a narcotic drug for sale), 13-3407(A)(4), 13-3408(A)(4) (manufacture of a dangerous drug, manufacture of a narcotic drug), 13-3407(A)(7), 13-3408(A)(7) (transport of dangerous drug for sale, transport of narcotic drug for sale). We see no reason to conclude that a conviction under § 13-2505(A)(3) was ever intended to fall within the purview of § 13-901.01; accordingly, it was unnecessary to expressly exclude this offense from that statute's application.

6

deterring those who use banned substances from driving motor
vehicles.

*Wozniak*, 200 Ariz. 550, ¶ 17, 30 P.3d at 136.

**¶10**        Similarly, § 13-2505, along with other statutes found in chapter 25, "seek[s] to promote 'the safety, security or preservation of order in a correctional facility,'" *Roman*, 200 Ariz. 594, ¶ 9, 30 P.3d at 663, *quoting* A.R.S. § 13-250[1](1), a goal afforded particular importance by our legislature.  The gravity of the crime of promoting prison contraband in violation of § 13-2505, in comparison to the offense of possession or use of a dangerous drug in violation of chapter 34, is evident from the different classifications of these offenses.  Possession or use of a dangerous drug under A.R.S. § 13-3407(A)(1) is a class four felony, but promoting prison contraband under § 13-2505, if the contraband is a dangerous drug, is a class two felony.  *Compare* § 13-3407(B)(1) *with* § 13-2505(C).  We thus conclude § 13-2505(A)(3)—like § 28-1381(A)(3)—is not a "personal drug-use statute subject to probation under A.R.S. § 13-901.01." *Wozniak*, 200 Ariz. 550, ¶ 17, 30 P.3d at 136.

**¶11**        Our supreme court's decision in *Estrada* does not require us to reach a different conclusion.  There, the court held: "[T]he probation eligibility provisions of Proposition 200 apply to convictions for the possession of items of drug paraphernalia associated solely with personal use by individuals also charged or who could have been charged with simple use or possession of a controlled substance." *Estrada*, 201 Ariz. 247,

7

¶ 24, 34 P.3d at 361.[4]  The court reasoned that "the electorate, acting in the role of the legislature, did not intend to incarcerate for the lesser offense" of possession of drug paraphernalia, a chapter 34 drug offense, *see* A.R.S. § 13-3415, "and yet mandate probation for the more serious" offenses of personal possession or use of a controlled substance. *Estrada*, 201 Ariz. 247, ¶ 20, 34 P.3d at 361.  Thus, "[t]o interpret Proposition 200 as mandating probation for the crime of smoking marijuana but permitting incarceration if the State charges the user for possessing paraphernalia because the shredded marijuana was wrapped in paper, produces a transparently absurd result." *Id.* ¶ 23.

**¶12**     In contrast, our conclusion that § 13-901.01(A) does not apply to a conviction for possession of prison contraband does not thwart the intent of the electorate and does not lead to an absurd result.  Romero was not convicted of "the personal possession or use of a controlled substance," § 13-901.01(A), as proscribed by A.R.S. title 13, chapter 34, and his offense was more serious—not less—than the personal possession drug offenses found in that chapter.

**¶13**     The trial court correctly denied Romero's petition for post-conviction relief.  Although we grant the petition for review, we deny relief.

_____
PHILIP G. ESPINOSA, Judge

---

[4]At the time the court issued its decision in *Estrada*, § 13-901.01(A) had not yet been amended to expressly include "personal possession or use of . . . drug paraphernalia" as an offense subject to mandatory probation.  *See* 1999 Ariz. Sess. Laws, ch. 261, § 11.

CONCURRING:


_____
PETER J. ECKERSTROM, Presiding Judge


_____
JOSEPH W. HOWARD, Judge