292 P.3d 201

**STATE of Arizona, ex rel., William G. MONTGOMERY, Maricopa County Attorney, Petitioner,**

**v.**

**The Honorable R. Jeffrey WOODBURN, Commissioner of the Superior Court of the State of Arizona, in and for the COUNTY OF MARICOPA, Respondent Commissioner,**

**Denis Donald Schmeissing, Real Party in Interest.**

**No. 1 CA–SA 12–0205.**

Court of Appeals of Arizona, Division 1, Department B.

Dec. 6, 2012.

William G. Montgomery, Maricopa County Attorney by Lisa Marie Martin, Deputy County Attorney, Phoenix, Attorneys for Petitioner.

James J. Haas, Maricopa County Public Defender by John Sullivan, Deputy Public Defender, Phoenix, Attorneys for Real Party in Interest.

## OPINION

PORTLEY, Judge.

¶ 1 This special action asks whether the trial court can place a defendant on probation pursuant to Arizona Revised Statutes ("A.R.S.") section 13–901.01 (West 2012) ("Proposition 200"), after he pled guilty to "attempt to obtain or procure the administration of a narcotic drug by fraud, deceit, misrepresentation or subterfuge." A.R.S. §§ 13–1001, –3401, –3408, –3418, –701, –702, and –801. Because we find that Proposition 200 does not apply to the offense, we accept special action jurisdiction and grant relief.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 Denis Donald Schmeissing ("Schmeissing") presented a prescription to a Phoenix pharmacist in January 2012 for 150 oxycodone tablets. He left the store before the pharmacist confirmed that the prescription had not been issued by the doctor. Two months later he was charged with attempting to obtain or procure the administration of a narcotic drug by fraud. He entered into a plea agreement, pled guilty to the charge, and the court accepted his plea.

¶ 3 Before sentencing, Schmeissing argued that Proposition 200 applied to his sentencing. Although the plea agreement did not mention Proposition 200, the parties briefed the issue, the court determined that Proposition 200 was applicable and, as a result, Schmeissing was eligible for mandatory probation. The court stayed the sentencing hearing, however, to allow the State to challenge the ruling.

## JURISDICTION

¶ 4 Although we have to decide whether to exercise discretion and accept special action jurisdiction, *Potter v. Vanderpool*, 225 Ariz. 495, 498, ¶ 6, 240 P.3d 1257, 1260 (App.2010), we will accept jurisdiction if a petitioner does not have an "equally plain, speedy, and adequate remedy by appeal," Ariz. R.P. Spec. Actions 1(a), or "if a case presents an issue of first impression and one of statewide importance that is likely to recur." *Gray v. Irwin*, 195 Ariz. 273, 275, ¶ 5, 987 P.2d 759, 761 (App.1999). Despite Schmeissing's argument that the State may have a remedy on appeal, we find that the issue raised is one of first impression, of statewide importance and is likely to recur. Consequently, we exercise discretion and accept jurisdiction.

## DISCUSSION

¶ 5 The State contends that Proposition 200 is not applicable to the attempted procurement of narcotic drugs by fraud. We review the issue de novo because it is "a question of statutory construction." *State v. Estrada*, 201 Ariz. 247, 250, ¶ 15, 34 P.3d 356, 359 (2001). When interpreting a statute, we follow the rules of statutory construction and first look to the statutory language. *State v. Williams*, 175 Ariz. 98, 100, 854 P.2d 131, 133 (1993); *Patterson v. Mahoney*, 219 Ariz. 453, 456, ¶ 9, 199 P.3d 708, 711 (App.2008). If the language is clear and unequivocal, it is determinative. *Patterson*, 219 Ariz. at 456, ¶ 9, 199 P.3d at 711. We are also mindful that Proposition 200 was a voter initiative and "our primary purpose is to effectuate the intent of those who framed it and the electorate that adopted it." *State v. Pereyra*, 199

Ariz. 352, 354, ¶ 6, 18 P.3d 146, 148 (App. 2001).

¶ 6 The statutory enactment of Proposition 200 provides that:

A. Notwithstanding any law to the contrary, any person who is convicted of the personal possession or use of a controlled substance or drug paraphernalia is eligible for probation. The court shall suspend the sentence and place the person on probation.

. . .

C. Personal possession or use of a controlled substance pursuant to this section shall not include possession for sale, production, manufacturing or transportation for sale of any controlled substance.

A.R.S. § 13–901.01.

¶ 7 The plain language of Proposition 200 only provides that if someone is convicted of personal possession or use of a controlled substance or drug paraphernalia, he or she can be placed on probation. The scope of Proposition 200 does not include the method of obtaining drugs, *see Pereyra*, 199 Ariz. at 354, ¶ 7, 18 P.3d at 148, and does not specify that any particular method of obtaining drugs may make one eligible for probation. *See* A.R.S. § 13–901.01(A). Proposition 200, however, expressly specifies that possession for sale, manufacturing or transportation for sale may not constitute personal possession. *See* A.R.S. § 13–901.01(C).

¶ 8 Because the definition of personal possession in Proposition 200 does not exclude the method of obtaining drugs, Schmeissing argues that the statute applies to his offense. *Pereyra*, 199 Ariz. at 354, ¶ 7, 18 P.3d at 148 (citing *State v. Ault*, 157 Ariz. 516, 519, 759 P.2d 1320, 1323 (1988) ("[W]hen the legislature expresses a list, we assume the exclusion of items not listed.")). We disagree. Proposition 200 clearly does not apply to Schmeissing.

¶ 9 First, Schmeissing did not plead guilty to nor was he convicted of personal possession or use of any drug. *See Wozniak v. Galati*, 200 Ariz. 550, 555, ¶ 17, 30 P.3d 131, 136 (App.2001) (explaining that "[t]he plain language of A.R.S. § 13–901.01(A) applies to 'any person who is convicted of the personal

possession or use' of drugs"). Instead, he pled guilty to and was convicted of attempting to procure oxycodone by fraud, which is inherently different than the crime of personal possession or use. Interpreting Proposition 200's definition of personal possession to include the method of obtaining drugs, such as by fraud, would lead to "a result at odds with the legislature's intent" and would produce "an untenable or irrational result." *Estrada*, 201 Ariz. at 251, ¶¶ 16, 19, 34 P.3d at 360.

¶ 10 Second, even though Proposition 200 has been applied to personal possession or use of drugs in drug free zones, *Pereyra*, 199 Ariz. at 355, ¶ 12, 18 P.3d at 149, its use has not been expanded beyond personal possession or use. *See State v. Roman*, 200 Ariz. 594, 595, ¶ 8, 30 P.3d 661, 662 (App.2001) (holding that Proposition 200 does not apply to the crime of promoting prison contraband). Also, the limits of Proposition 200 have never been expanded to the acquisition of drugs.

¶ 11 Third, Schmeissing argues that if Proposition 200 does not apply he would face a harsher punishment for attempting to obtain drugs than he would have faced had he actually possessed 150 tablets of oxycodone. As a practical matter, if Schmeissing had successfully induced the pharmacist to give him 150 tablets of oxycodone, he might not have been charged with simple possession of narcotic drugs. The argument, however, is misplaced, because he is not being punished for attempting to possess narcotic drugs but the attempted fraudulent acquisition of narcotic drugs. As a result, the crime he pled to did not fall under the Proposition 200 umbrella for personal possession or use.

¶ 12 Finally, our interpretation of the limits of Proposition 200 does not clash with the legislative intent of the statute. *Estrada*, 201 Ariz. at 251, ¶ 19, 34 P.3d at 360. Proposition 200 was intended to provide court-supervised drug treatment and education programs to non-violent persons convicted of personal possession or use of drugs. *Calik v. Kongable*, 195 Ariz. 496, 501, ¶ 19, 990 P.2d 1055, 1060 (1999). Proposition 200 was not designed to allow persons who attempt to

acquire narcotic drugs by fraud to benefit from their illegal conduct, which is conduct separate and apart from mere personal possession or use. *See, e.g., Ariz. Sec'y of State 1996 Publicity Pamphlet,* Proposition 200, Argument "For" Proposition 200 by Dennis DeConcini, available at http://www.azsos.gov/election/1996/ General/1996BallotPropsText.htm (stating that "[b]y placing small, personal drug users into treatment and probation, the Act will clear up prison space for violent criminals and drug dealers"); *id.,* Argument "For" Proposition 200 by Dr. John Sperling (asserting that "[s]ending minor drug users to prison draws resources from society and does nothing for the addict"). Consequently, the crime of attempting to procure narcotic drugs by fraud is not one where Proposition 200 can be invoked because it does not involve personal possession or use.

## CONCLUSION

¶ 13 Based on the foregoing, we accept special action jurisdiction and grant relief because A.R.S. § 13–901.01 does not apply to the offense of obtaining a controlled substance by fraud.

CONCURRING: PATRICIA A. OROZCO and RANDALL M. HOWE, Judges.