NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee/Respondent*,

*v.*

IVAN ALVARADO, *Appellant/Petitioner*.

No. 1 CA-CR 16-0415
1 CA-CR 16-0384 PRPC
(Consolidated)
FILED 12-15-2016

Appeal/Petition for Review from the Superior Court in Yavapai County
No. V1300CR820060768
The Honorable Michael R. Bluff, Judge

**SENTENCE AFFIRMED; REVIEW GRANTED, RELIEF DENIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Elizabeth B.N. Garcia
*Counsel for Appellee*

Yavapai County Attorney's Office, Prescott
By Dana E. Owens
*Counsel for Respondent*

David Goldberg Attorney at Law, Fort Collins, CO
By David Goldberg
*Counsel for Appellant/Petitioner*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Chief Judge Michael J. Brown joined.

---

**W I N T H R O P**, Judge:

**¶1**        Ivan Alvarado appeals his sentence for promoting prison contraband.  He also petitions for review of the denial of his claim of ineffective assistance of counsel with respect to plea negotiations.  For the reasons that follow, we affirm his sentence and grant review of his petition for review, but deny relief.

## BACKGROUND

**¶2**        Alvarado was charged with promoting prison contraband, a class 2 felony; possession of marijuana, a class 6 felony; possession of drug paraphernalia, a class 6 felony; and criminal impersonation, a class 6 felony.  A jury acquitted Alvarado of criminal impersonation, but found him guilty as charged on the other three counts.  Before sentencing, however, the trial court granted Alvarado's renewed motion for judgment of acquittal on the charge of promoting prison contraband.[1]

**¶3**        The State appealed the order granting the motion for acquittal and succeeded in having the conviction reinstated.  *See State v. Alvarado*, 219 Ariz. 540, 546, ¶ 19, 200 P.3d 1037, 1043 (App. 2008).  On remand, the trial court sentenced Alvarado to a presumptive 11.25-year prison term on the conviction for promoting prison contraband, which included a two-year sentence enhancement for committing the offense while on pretrial felony release.  The sentence was affirmed on appeal, as modified to reflect credit for one additional day of presentence incarceration.  *See State v. Alvarado*, 1 CA-CR 14-0801, 2015 WL 3869742 (Ariz. App. June 23, 2015).

**¶4**        Alvarado thereafter filed a petition for post-conviction relief, raising a claim of ineffective assistance of counsel with regard to both sentencing and plea negotiations.  Following an evidentiary hearing, the parties agreed Alvarado was entitled to be resentenced without the two-

---

[1]        Alvarado was placed on probation on the other two convictions, and those convictions and disposition are not at issue in this appeal.

year sentencing enhancement, and the trial court granted relief on that claim, but denied relief on Alvarado's claim that he was deprived of a favorable plea offer due to ineffective assistance of counsel.

¶5        At resentencing, the trial court imposed a mitigated seven-year prison term.  Alvarado filed a timely notice of appeal from his resentencing and also petitioned for review of the denial of his claim of ineffective assistance of counsel with respect to plea negotiations.  This court granted Alvarado's motion to consolidate the petition for review with his appeal.  We have jurisdiction over Alvarado's appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 13-4031 (2010)[2] and 13-4033 (2010), and jurisdiction over Alvarado's petition for review pursuant to A.R.S. § 13-4239(C) (2010) and Arizona Rule of Criminal Procedure 32.9(c).

## ANALYSIS

### I.        Sentencing

#### A.        Right to Equal Protection

¶6        The charge of promoting prison contraband resulted from a small container that held 790 milligrams of marijuana being discovered in one of Alvarado's pockets while he was being booked into jail on the other offenses.  As charged in this case, a person commits promoting prison contraband by "knowingly taking contraband into a correctional facility or the grounds of such facility."  A.R.S. § 13-2505(A)(1) (2001).[3]  The offense is a class 2 felony if the contraband involved is a deadly weapon, dangerous instrument, explosive, dangerous drug, narcotic drug, or marijuana.  A.R.S. § 13-2505(C).  In all other cases, the offense is a class 5 felony.  *Id.*

¶7        Alvarado argues that punishing him for promoting prison contraband as a class 2 felony offense violates his right to equal protection

---

[2]        We cite the current version of the applicable statutes unless changes material to our decision have occurred since the relevant date.

[3]        With respect to A.R.S. § 13-2505, we cite and quote the version of the statute in effect at the time the crime occurred.  The statute has twice been amended since Alvarado's crime, and although the changes are not material to our analysis, they have resulted in relettering of the statute.  For example, former subsection (C), to which we refer in our decision, may currently be found in subsection (G) of the statute.

under the Fourteenth Amendment to the United States Constitution. Specifically, he argues that, given the nature of his conduct and the small amount of marijuana involved, it makes no sense for him to be punished more severely than a person who commits the same offense with non-class 2 felony contraband that presents a greater danger to the safety, security, or preservation of order in the correctional facility.

**¶8** Although he did not raise this argument below, Alvarado asserts the argument is not waived because imposition of an illegal sentence constitutes fundamental error. *See generally State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005) (holding that an issue not raised below is reviewed for fundamental error). We agree. *See State v. Alvarez*, 205 Ariz. 110, 116, ¶ 18, 67 P.3d 706, 712 (App. 2003) (recognizing that an illegal sentence is fundamental error, which is not waived by the failure to raise it below (citation omitted)).

**¶9** The "specification of punishment for crime is peculiarly a question of legislative policy." *State v. Arnett*, 119 Ariz. 38, 47, 579 P.2d 542, 551 (1978) (citations omitted). We review *de novo* the constitutionality of a sentencing statute. *State v. Davolt*, 207 Ariz. 191, 214, ¶ 99, 84 P.3d 456, 479 (2004). We presume a statute to be constitutional, and the party challenging a statute's constitutionality has the burden to prove it is unconstitutional. *State v. Tocco*, 156 Ariz. 116, 119, 750 P.2d 874, 877 (1988).

**¶10** The equal protection clause of the Fourteenth Amendment generally requires that the law treat all similarly situated persons alike. *See Crerand v. State*, 176 Ariz. 149, 151, 859 P.2d 772, 774 (App. 1993); *see also Aegis of Ariz., L.L.C. v. Town of Marana*, 206 Ariz. 557, 570, ¶ 54, 81 P.3d 1016, 1029 (App. 2003) ("To establish an equal protection violation, a party must . . . show that it was treated differently than other people in the same 'similarly situated' class." (citation omitted)). The right to equal protection, however, does not prohibit all classification of persons; only classification that is "unreasonable." *State v. Lowery*, 230 Ariz. 536, 541, ¶ 13, 287 P.3d 830, 835 (App. 2012). Where, as in this case, the classification in question does not implicate a suspect class or a fundamental right, a denial of equal protection will be found only if there is no rational basis for the classification. *See Kahn v. Thompson*, 185 Ariz. 408, 413, 916 P.2d 1124, 1129 (App. 1995).

**¶11** The rational basis test does not require the legislature to choose the least intrusive, or the most effective, means of achieving its goals. *State v. Hammonds*, 192 Ariz. 528, 532, ¶ 15, 968 P.2d 601, 605 (App. 1998). A challenger of a statute's constitutionality may overcome the

presumption that the statute is rational "only by a clear showing of arbitrariness or irrationality." *Id.* at 531, ¶ 9, 968 P.2d at 604 (citation omitted). Only if a statute "is 'wholly irrelevant' to the achievement of a legitimate governmental objective" will it violate equal protection. *Id.* at 532, ¶ 15, 968 P.2d at 605 (quoting *McGowan v. Maryland*, 366 U.S. 420, 425 (1961)); *see also Ariz. Downs v. Ariz. Horsemen's Found.*, 130 Ariz. 550, 555, 637 P.2d 1053, 1058 (1981) (holding that a statute that does not impact upon a fundamental right or suspect class "will be upheld if it has any conceivable rational basis to further a legitimate governmental interest" (citations omitted)).

**¶12** The offense of promoting prison contraband is directed at individuals who are incarcerated or in control of a correctional facility, and the penalties seek to promote safety, security, and the preservation of order in a correctional facility. *State v. Roman*, 200 Ariz. 594, 596, ¶ 9, 30 P.3d 661, 663 (App. 2001). In enacting A.R.S. § 13-2505(C), the legislature divided the offense for punishment purposes into two classes: those involving a deadly weapon, dangerous instrument, explosive, dangerous drug, narcotic drug, or marijuana, and those involving all other contraband. The legislature could reasonably conclude that items like deadly weapons and illegal drugs, including marijuana, present a greater threat to the security and order of correctional facilities than other types of contraband, and that harsher punishment is appropriate for offenders who introduce these more harmful items or substances into correctional facilities. *See Olsen v. DEA*, 878 F.2d 1458, 1462 (D.C. Cir. 1989) ("[E]very federal court that has considered the matter, so far as we are aware, has accepted the congressional determination that marijuana poses a real threat to individual health and social welfare." (citation omitted)), *cited in State v. Hardesty*, 222 Ariz. 363, 367, ¶ 17, 214 P.3d 1004, 1008 (2009).

**¶13** The fact that some class 5 felony contraband might be viewed as equally dangerous as, or more dangerous than, marijuana does not make the classifications in A.R.S. § 13-2505(C) unconstitutional. "[A]bsolute equality and complete conformity of legislative classifications are not required." *City of Tucson v. Grezaffi*, 200 Ariz. 130, 137, ¶ 18, 23 P.3d 675, 682 (App. 2001) (citation omitted). "Even if the classification results in some inequality, it is not unconstitutional if it rests on some reasonable basis." *Fisher v. Edgerton*, 236 Ariz. 71, 80, ¶ 28, 336 P.3d 167, 176 (App. 2014) (citation omitted). There is nothing unreasonable in the legislature specifying harsher punishment for promoting prison contraband when the offense involves the types of dangerous contraband listed in A.R.S. § 13-2505(C).

**¶14** The legislature properly exercised its law-making power and did not offend constitutional requirements in creating the two classes of offense for promoting prison contraband based on the nature of the contraband involved. Thus, the classification system established in A.R.S. § 13-2505(C) for the offense of promoting prison contraband does not violate the right of equal protection on its face or as applied to Alvarado.

### B. *Consideration of Mitigation Evidence*

**¶15** Alvarado also contends the trial court erred in imposing sentence by failing to consider evidence of mitigation. According to Alvarado, if the superior court had fully considered the evidence of mitigation submitted, the court would have found the absolute minimum sentence appropriate. Because Alvarado failed to object to his sentence in the superior court, our review is limited to fundamental error. *See Henderson*, 210 Ariz. at 567, ¶ 19, 115 P.3d at 607. "Before we may engage in a fundamental error analysis, however, we must first find that the trial court committed some error." *State v. Lavers*, 168 Ariz. 376, 385, 814 P.2d 333, 342 (1991) (citation omitted).

**¶16** The trial court has broad discretion in imposing sentence. *State v. Stotts*, 144 Ariz. 72, 87, 695 P.2d 1110, 1125 (1985). "[A]n abuse of discretion in sentencing will not be found absent a decision characterized by arbitrariness, capriciousness, or failure to conduct an adequate investigation into the facts relevant to sentencing." *Id.* (citation omitted).

**¶17** In imposing sentence, the trial court shall consider the various mitigating circumstances identified by the defendant. A.R.S. § 13-701(E) (Supp. 2015). A sentencing court, however, "is not required to find that mitigating circumstances exist merely because mitigating evidence is presented; the court is only required to give the evidence due consideration," and the weight to be given any mitigating evidence "rests within the trial court's sound discretion." *State v. Cazares*, 205 Ariz. 425, 427, ¶ 8, 72 P.3d 355, 357 (App. 2003); *accord State v. Webb*, 164 Ariz. 348, 355, 793 P.2d 105, 112 (App. 1990) ("The consideration of mitigating circumstances is solely within the discretion of the trial court." (citation omitted)). Further, the trial court is not required to make any factual findings as to mitigating factors that it does not find or that will not be relied upon in sentencing, and we presume the trial court considered any evidence relevant to sentencing before it. *State v. Cid*, 181 Ariz. 496, 501, 892 P.2d 216, 221 (App. 1995); *see also State v. Medrano*, 185 Ariz. 192, 196, 914 P.2d 225, 229 (1996) ("Judges are presumed to know and follow the law and to consider all relevant sentencing information before them." (citations omitted)).

**¶18** Here, the record reflects that in preparation for the resentencing, the trial court read the entire file, including both the original and new presentence reports, and also reviewed the letters filed on behalf of Alvarado and sentencing memoranda submitted by his counsel. In addition, the court heard the testimony of witnesses and the arguments of counsel offered in support of mitigation at the sentencing hearing. The fact the court found only one mitigating factor does not mean it did not consider the evidence of other mitigating factors presented; rather, the court simply did not find the other factors presented to be mitigating under the circumstances of Alvarado's case. Moreover, Alvarado had three felony convictions at the time he was tried and sentenced for the offense in this case. On this record, there was no abuse of discretion by the trial court in imposing sentence.

### C. *Request for Sentence Reduction*

**¶19** Finally, Alvarado requests in the alternative that this court exercise its authority under A.R.S. § 13-4037(B) (2010) to reduce his sentence. The statutory power to reduce a sentence as excessive under § 13-4037(B) is to be exercised with great caution. *State v. La Mountain*, 125 Ariz. 547, 552, 611 P.2d 551, 556 (1980). Sentencing is within the sound discretion of the trial court, and a sentence will not be modified or reduced absent a clear abuse of discretion. *State v. Patton*, 120 Ariz. 386, 388, 586 P.2d 635, 637 (1978). There being no abuse of discretion in the imposition of Alvarado's sentence, we deny the request.

### II. *Petition for Review*

**¶20** Alvarado also argues the trial court erred in denying relief on his claim of ineffective assistance of counsel with respect to plea negotiations. We review for an abuse of discretion a denial of a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19, 278 P.3d 1276, 1280 (2012).

**¶21** To obtain relief on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "To establish deficient performance during plea negotiations, a petitioner must prove that the lawyer either (1) gave erroneous advice or (2) failed to give information necessary to allow the petitioner to make an informed decision whether to accept the plea." *State v. Donald*, 198 Ariz. 406, 413, ¶ 16, 10 P.3d 1193, 1200 (App. 2000). "To establish prejudice in the rejection of a plea

offer, a defendant must show 'a reasonable probability that, absent his attorney's deficient advice, he would have accepted the plea offer' and declined to go forward to trial." *Id.* at 414, ¶ 20, 10 P.3d at 1201 (citations omitted).

**¶22**　　　　When the trial court finds a claim colorable and conducts an evidentiary hearing, the defendant has the burden of proving all factual allegations by a preponderance of the evidence. Ariz. R. Crim. P. 32.8(c). After an evidentiary hearing, our review of the trial court's factual findings "is limited to a determination of whether those findings are clearly erroneous." *State v. Sasak*, 178 Ariz. 182, 186, 871 P.2d 729, 733 (App. 1993). If the court's ruling is based on substantial evidence, we will affirm. *Id.*

**¶23**　　　　In his petition for post-conviction relief, Alvarado alleged his trial counsel was ineffective in advising him to reject a favorable plea offer because counsel was confident Alvarado would prevail on the charge of promoting prison contraband at trial or, if convicted, would be exonerated on appeal. The trial court denied relief on this claim based on findings that Alvarado failed to prove either deficient performance on the part of his trial counsel or that Alvarado would have accepted the plea offer presented.

**¶24**　　　　On review, Alvarado argues that the trial court abused its discretion by not finding his counsel provided ineffective assistance with respect to plea negotiations. The court found credible the testimony at the evidentiary hearing supporting the findings that counsel provided effective assistance with respect to the plea offer and that, in any event, Alvarado would not have accepted the offer, and found Alvarado's testimony to the contrary not credible. Credibility determinations in post-conviction relief proceedings rest solely with the trial judge, *State v. Fritz*, 157 Ariz. 139, 141, 755 P.2d 444, 448 (App. 1988), and it is for the trial court to resolve conflicting testimony, *State v. Alvarado*, 158 Ariz. 89, 92, 761 P.2d 163, 166 (App. 1988). Because the testimony at the evidentiary hearing provides substantial evidence to support the court's findings, no basis exists for disturbing the ruling that Alvarado failed to sustain his burden of proving he was entitled to relief on his claim of ineffective assistance of counsel with respect to plea negotiations.

## CONCLUSION

¶25 For the foregoing reasons, we affirm Alvarado's sentence on his conviction for promoting prison contraband, and grant review, but deny relief, on his petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA